Matthews vs. Morris.

## MATTHEWS VS. MORRIS.

1. JURISDICTION OF JUSTICE OF THE PEACE. ·
   In an action before a justice of the peace on an alleged contract for rent, the defendant cannot defeat the jurisdiction by controverting the plaintiff's title to the land.

2. CONSIDERATION.
   An agreement to forbear proceedings is a valid consideration for a promise, though the claim may be doubtful.

3. CONSTRUCTION OF CONTRACT.
   A purchased land at tax sale, which was in the possession of B. The period for redemption expired the 10th of June. In May, B requested A to extend the time for redemption until the following fall, and told A if he did not redeem by the 10th of June, he would be willing to pay rent for the year, and thereupon was permitted to occupy the land: Held, that B was bound, under the agreement, to pay A rent for the entire year.

APPEAL from *Phillips* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge. ·

*Palmer*, for appellant.

*Tappan & Hornor*, *contra*.

ENGLISH, CH. J.:

Wm. D. Morris sued George W. Matthews before a justice of the peace of Phillips County, on a claim of $125 for rent of about thirty acres of cleared land, for the year 1875, on a tract known as the Bailey place, described as the northwest quarter section 19, township 1 south, range 2 east, etc. Upon an affidavit in support of the demand, and that defendant had removed part of the crop from the premises, an attachment was issued, and levied on corn and cotton grown on the place.

· The defense of the defendant was, that the land belonged to his wife, and that he had not rented it of the plaintiff—was not his tenant.

· On a trial before the justice, judgment was given for defendant, and plaintiff appealed to the Circuit Court.

Matthews vs. Morris.

The cause was tried before the court, sitting as a jury (19th November, 1875), and finding and judgment for plaintiff for the amount of his claim, motion for new trial overruled, bill of exceptions, and appeal by defendant.

The appellee, Morris, was the only witness examined on the trial.

The substance of his testimony, as given upon his entire examination, is, that one John B. Bailey was the former owner of the land, and died on the place; that appellant married his widow in December, 1870, and moved on the place.

That the land was sold for taxes 10th of June, 1873; appellee held the certificate of purchase, and the time for redemption was out 10th June, 1875.

In May, 1875, appellant came to appellee, and wanted to know if he would wait until fall for him to redeem the land. Appellee told him that the time allowed by law to redeem would be out on the 10th of June, and he did not see how he could wait until fall. Appellant insisted on his waiting until fall, and said he had been advised by lawyers that, if he could make that arrangement, it would be all right. Appellee then asked him if he did not redeem the land by the 10th of June, if he would be willing to pay him rent for that year. Appellee replied that he would; that he knew what the law was, and expected to pay appellant rent if he did not redeem by the 10th of June.

Nothing more was said at that time about the rent. Appellee took it for granted that if appellant did not redeem the land by the 10th of June, he would be willing to pay him customary rent.

Appellant failed to redeem the land 10th June, but appellee brought no suit for possession. The promise of appellant to pay rent prevented appellee from bringing suit for possession. The rent was worth $125. After appellant had two bales of cotton

picked out and at the gin, appellee went to him, and asked him if he would pay the rent, as he had promised to do? To which he replied that he would not, unless appellee could make it by law. He had removed part of the crop from the place, without the consent of appellee, before this suit was commenced.

On the cross-examination of appellee, at the instance of appellant, he produced the tax deed, under which he claimed title to the land.

Appellant then moved the court to dismiss the case for want of jurisdiction, which motion the court overruled; but excluded the deed, and did not consider it as evidence in the cause.

The court found the facts proven to be:

"That the defendant promised, if he did not redeem the land known as the Bailey place (here describing it as in the evidence) from tax sale by or before the 10th day of June, 1875, in consideration of the plaintiff's forbearance to sue him, to pay to plaintiff the customary rent for said place for the year 1875. That the plaintiff did forbear to bring suit for possession of said place under said agreement. That the value of the rent was the sum of $125, and that the same was a lien on the property attached in the suit."

The court declared the law applicable to the facts proven to be:

"That a promise of forbearance to sue for possession of land on the part of plaintiff, was a sufficient consideration to support a promise on the part of defendant to pay rent for the premises."

The grounds of the motion for a new trial are:

*First*—That the court erred in refusing to dismiss the cause for want of jurisdiction.

*Second*—In excluding the tax deed, offered in evidence by defendant on cross-examination of plaintiff.

*Third*—In the finding of the facts.

*Fourth*—In the declaration of law.

*Fifth*—Finding and judgment contrary to law and evidence.

*First*—As to the question of jurisdiction.

In *Fitzgerald et al.* v. *Beebe*, 7 Ark. (2 Eng.), 310, it was held, that a justice of the peace had no jurisdiction in a suit for use and occupation, where the title to the land was drawn in question; and the justice having no jurisdiction, the Circuit Court had none on appeal.

There no contract for rent, express or implied, was shown. The relation of landlord and tenant between plaintiff and defendant was not proven. Plaintiff relied on title deeds to show his right to recover rent, and defendant sought to introduce title in others to defeat the action.

In *Thruston et al.* v. *Hinds*, 8 Ark. (3 Eng.), 118, held, that where there is no controversy as to title, in an action for use and occupation, it is not essential to the jurisdiction of the justice of the peace, that there should be an express agreement or contract for rent; that the action would lie upon an implied, as well as an express agreement.

The authorities were reviewed by Mr. Justice. Walker, in *Byrd, use, etc.,* v. *Chase,* 10 Ark. (5 Eng.) 602, and it was decided that, to maintain assumpsit for use and occupation, the relation of landlord and tenant must be shown to exist.

In this case, the appellee did not introduce and rely upon his title to the land to recover in the suit, but relied upon a contract for rent. There was some evidence conducing to prove that the relation of landlord and tenant existed between him and appellant; that appellant agreed to pay him rent if he did not redeem the land by the 10th of June; that he failed to redeem, and continued in possession of the land, etc. Of the weight and sufficiency of the evidence to prove the contract for rent, it was the province of the court below, sitting as a jury, to judge.

On cross-examination of appellee, at the instance of appellant, he produced his tax deed for the land, and, upon its mere

production, appellant moved to dismiss the suit for want of jurisdiction. Had the court sustained the motion, it would have utterly disregarded the evidence of the appellee conducing to prove the contract for rent. The appellant could not defeat the jurisdiction of the court by merely thrusting a deed into the case, and the court properly overruled the motion to dismiss.

*Second*—As to the exclusion of the tax deed.

The deed, which is set out in the bill of exceptions, recites that the land was sold by the collector on the 10th June, 1873, for unpaid taxes, etc., of 1872, and purchased by Sam. P. Delatour, who obtained a certificate of purchase, and assigned it to W. E. Babcock, and that he assigned it to appellee, and then follow words granting the land to him, etc.

The counsel for appellant submits, that if this deed had been admitted in evidence, it would have shown that appellee had no right to recover any rent for the year 1875.

It is true that the deed bears date 5th of October, 1875, which was about the time the suit was commenced. It is also true, that if the appellant had relied upon this deed, or any other deed, no matter when dated, to recover rent in this suit, it would have been unavailing; for, as above shown, it must be proven in this form of action, that the relation of landlord and tenant existed between the parties, or that there was a contract, or agreement, express or implied, to pay rent, to entitle the plaintiff to recover.

Had there been no contract for rent between the parties, the appellee might, perhaps, have obtained the tax deed at any time after the 10th of June, 1875, when, it seems, the time for redemption was out, and brought ejectment for the land against appellant, and recovered rent as an incident; and, in such action, the tax deed, if the sale was valid, might have been availing.

But here the appellee relied upon a contract for rent, and not upon the deed. He testified, in effect, that he held the certificate of purchase in May, 1875, when the contract for rent was

made; that the time for redemption was out 10th June; that appellant agreed to pay him rent for that year if he did not redeem the land by that time; that he failed to redeem, and that appellant forbore to bring suit to dispossess him because of this agreement.

Had the tax deed been admitted in evidence, there was nothing on its face to contradict or disparage the testimony of appellee.

*Third*—As to the court's finding of facts:

The court, in its brief statement of its conclusions upon the facts in evidence (Digest, sec. 4686), seems to have placed the consideration of the promise of appellant to pay rent solely upon the forbearance of appellee to sue for possession.

This was a narrow view of the evidence, for it is manifest that, whilst the forbearance of appellee to sue for possession may have been an element in the consideration for the promise of appellant to pay rent, the use and occupation of the land was the greater element in the consideration for the promise.

But the placing of the right of appellee to recover rent upon such narrow ground, when the court would have been warranted by the evidence to place it upon broader ground, was not an error prejudicial to appellant.

*Fourth*—As to the declaration of law.

It is true that an arrangement to forbear proceedings, for a time, is a valid consideration for a promise, though the claim may be doubtful. 1 Parsons on Contracts (5 ed.), and notes, p. 440–1.

But the court might well have gone further and declared the law to be that the agreement of appellee that appellant might occupy the land after the time for redemption was out, was a valid consideration for his promise to pay rent.

*Fifth*—As to the finding of the court being contrary to law and evidence, etc.

The finding of the court, sitting as a jury, upon all of the evidence, is, as above indicated, like, and in the place of the verdict of a jury.

That there was some evidence to support this finding, we think very clear.

We infer that the court found in favor of appellee for the value of the rent of the land for the whole of the year 1875.

Had the appellee made no agreement with appellant, and taken out his tax deed 10th of June, and brought ejectment for the land, he could not have recovered rent for so much of the year as had transpired before the 10th of June.

But the evidence conduces to prove that appellant agreed that if he did not redeem the land by the 10th of June, he would pay rent for the year 1875, and that the rent was worth $125, the sum assessed by the court. It may have been a hard bargain, but he had the right to make it, and it is not shown that he was incomptent to contract. Because of this agreement he was permitted to occupy the land after the time for redemption expired, and, after this agreement, the appellee could not legally have dispossessed him until after the expiration of the year. But, if this agreement had not been made, it might have been in the power of appellee to dispossess him during the cropping season.

It is true this suit was commenced before the expiration of the year, and perhaps before the rent was due, but this the statute authorized, on the affidavit made by appellee. Digest, sec. 4102.

Upon the whole record, we affirm the judgment.