## NOLEN v. ROYSTON.

| 36 | 561 |
| 61 | 274 |

| 36 | 561 |
| 81 | 193 |

1. LANDLORD'S LIEN: *Affidavit for attachment amendable.*
An affidavit for an attachment upon the crop for rent, may be amended by inserting an omitted fact existing when it was made, after judgment of quashal for the insufficiency.

2. SAME: *Not transferable by transfer of rent-note.*
The transfer of a rent-note, either with or without indorsement, does not transfer the landlord's lien on the crop, so as to enable the transferee to attach the crop in his own name for the rent.

3. SAME: *Rent-note taken in agent's name.*
A landlord's lien may be enforced by attachment in his own name, though the note for the rent be payable to his agent.

4. LANDLORD AND TENANT: *Tenant can not question landlord's title.*
Where the relation of landlord and tenant is established in a suit before a justice of the peace for the rent, the jurisdiction of the justice can not be defeated by a denial of the plaintiff's title to the land.

APPEAL from *Hempstead* Circuit Court.
Hon. J. M. YOUNG, Circuit Judge.

*Witherspoon, Williams & Battle*, for appellants:
Rights of appellant as principal, same as if the contract had been made with him directly. *Ford v. Williams*, 21
36—36

*How. (U. S.)*, 287; *N. J. Steam Navigation Co. v. Merchants' Bank*, 6 *ib.*, 344, 381; 1 *Parsons on Contracts (5th ed.)*, 62; *Bishop on Contracts, sec.* 360; *Story on Agency, sec.* 420, 421; 1 *Chitty on Pleadings*, 8.

Title to land not involved. *Jakeway v. Barrett*, 38 *Vt.*, 316; *Matthews v. Morris*, 31 *Ark.*, 222.

Appellant had a right to amend. *Roberts v. Cooper*, 33 *Ark.*, 406; *Mandle v. Peet, Simmons & Co.*, 18 *Ark.*, 244.

*Smoote & McRae*, for appellees:

Affidavit bad; made by agent without showing absence of principal. *Gantt's Digest, sec.* 4596. Attachment not amendable, save as to *grounds*. *Gantt's Digest, sec.* 394; *Drake on At.; secs.* 87, 94, 104.

Note *as a lien* could be enforced only by original payee. *Roberts v. Jacks*, 31 *Ark.*, 597.

Record shows that the land-title was in controversy. Justice had no jurisdiction. *Const. of 1874, Art. VII, sec.* 40; *Fitzgerald v. Beebe*, 7 *Ark.*, 305; *Matthews v. Morris*, 31 *Ark.*, 222.

ENGLISH, C. J. This suit was commenced, before a justice of the peace of Hempstead county, on the thirtieth of October, 1878, by *James B. Nolen* against Berry Royston, on the following note:

"WALLACEBURG, HEMPSTEAD COUNTY, ARK.

"$250. On or before the first day of November next, I promise to pay *W. C. Nolen*, or order, the sum of two hundred and fifty dollars, for value received. This note is given for the rent of the farm known as the *John Nolan* farm, for the year A. D. 1878.

"Witness my hand and seal, this the fifteenth day of February, A. D. 1878.

"[L. S.] BERRY ROYSTON."

Upon an affidavit made by John A. Brown, an agent of plaintiff, and the execution of a bond, an attachment was issued under the landlord's lien act, levied on cotton and corn, but, on motion of defendant, was quashed for informality.

On the nineteenth of November, 1878, an amended affidavit was filed, bond given, an alias attachment issued, and levied on cotton and corn.

To the debt, defendant pleaded a set-off for a less amount, and disputed the truth of the affidavit for attachment.

John E. Whitesides interpleaded for the corn and cotton attached, under a trust-deed executed by defendant.

There was a judgment in favor of plaintiff for the amount of the note sued on, less the set-off; a trial of the issue as to the truth of the affidavit for attachment, and finding for plaintiff; also, a trial on the interplea, and judgment against the interpleader.

The defendant and the interpleader appealed to the circuit court, where, on the motion of defendant, the court quashed the attachment, and rendered a personal judgment in favor of plaintiff against defendant, for the amount of the note sued on, less the set-off, and plaintiff appealed from so much of the judgment as quashed the attachment.

The amended affidavit, on which the alias attachment issued, was as follows:

"I, John A. Brown, as agent for James B. Nolen, who is a non-resident of the state of Arkansas, do state on oath that on the first day of November, 1878, there was due from the defendant to James B. Nolen, the sum of two hundred and fifty dollars, as the amount agreed upon by the said defendant and *W. B. Nolen,* as the value of the rent of the John Nolen farm, for the year 1878, which at the time of the renting belonged to the said James B. Nolen, and for which a promissory note was given by

said defendant, and which was payable to said agent, or order; and that the said James B. Nolen is entitled to a lien upon the crop of corn and cotton raised on the said land for the rent, and that the said defendant has removed a portion of the crop from said premises without the consent of the landlord, James B. Nolen, or his duly authorized agent, myself, and that said renting or contract of rent was entered into between the said defendant and said W. C. Nolen as such agent on the fifteenth of February, 1878.

The affidavit was sworn to before the justice, and subscribed by John A. Brown, agent for plaintiff, nineteenth of November, 1878.

The motion of the defendant was to dismiss the action, or at the very least to quash and discharge the attachment on the following grounds:

" 1.   Because the affidavit for attachment lien is insufficient in this, that it does not show that plaintiff was absent from said county of Hempstead at the time said affidavit was made by said supposed agent Brown, or give other sufficient legal cause for the making of said affidavit by said supposed agent Brown.

" 2.   Because said affidavit is uncertain as to the real plaintiff in the action.

" 3.   Because this is an action on a note given for rent payable to W. C. Nolen, or order, and the action is brought by James B. Nolen, to whom the lien for rent does not go with the note.

"4.   Because no cause of action was filed before summons and order issued, so as to give the justice of the peace or this court jurisdiction.

" 5.   Because the record shows that this is an action, the trial of which, both as to the supposed cause of action and as to the attachment, involves necessarily the trial of the

title to land, which is not cognizable before a justice of the peace," etc.

The court overruled so much of the motion as asked the dismissal of the action, but quashed and discharged the attachment on the *first, third*, and *fifth* grounds assigned in the motion, to which plaintiff excepted.

Whereupon the plaintiff moved for leave to amend the affidavit for attachment, by inserting therein the words " *absent from the county,*" in place of the words, "*non-resident of the state,*" which motion the court overruled, and plaintiff excepted.

I. The first ground on which the court below held the affidavit insufficient and quashed the attachment, is that the agent who made the affidavit did not state therein that the plaintiff was, at the time, absent from the county, or state any other sufficient cause for the making of the affidavit by the agent.

1. LAND-LORD'S ATTACHMENT: Affidavit for, amendable.

The landlord's lien act passed December 28, 1860, provides that " before such writ of attachment shall issue, the landlord, his agent, or attorney, shall make and file an affidavit," etc. *Gantt's Digest, sec. 4602.*

Under this statute the landlord, his agent, or attorney, might make the affidavit, but if made by the agent, or attorney, he was not required to state any reason why he made it instead of the plaintiff landlord.

By a section of the Civil Code enacted at a later period, it is provided that " whenever the affidavit of the plaintiff or defendant is required to verify a pleading to obtain a warning order, a provisional remedy, or any other order in an action, or on a motion or proceeding therein, it may, unless otherwise expressed, be made by the agent or attorney of the party, if the party is absent from the county, or is mentally incapable of taking an oath, or is physically unable to attend before the court or officer for the purpose of

making the affidavit, in which case the affidavit shall state the reason, and that the affiant is the agent or attorney of the party. *Gantt's Digest, sec. 4696.*

Conceding for the purpose of this case, as it is not controverted by counsel for appellant, that this act modifies the act of twenty-eighth of December, 1860, the court gave it a rigid construction in holding that the statement in the affidavit that the plaintiff was a *non-resident of the state* was not substantially equivalent to stating that he was *absent from the county.* But be this as it may, the court erred in refusing plaintiff leave to amend the affidavit as proposed by stating a fact as existing at the time the affidavit was made, that is, that the plaintiff was absent from the county. *Rogers v. Cooper, 33 Ark., 406.*

2. LAND-
LORD'S
LIEN.
Not trans-
ferable by
transfer of
rent-note.

II. The next ground on which the court sustained the motion to quash the attachment is, that the action was founded on a note payable to *W. B. Nolen,* or order, and the action was brought by *James B. Nolen,* to whom the lien for rent did not go with the note.

Though the note was payable to W. C. Nolen and was not indorsed by him to the plaintiff, yet the court held that he could maintain the action upon it, for the court refused to dismiss the suit for want of a cause of action between the parties, and rendered a personal judgment in favor of plaintiff against defendant on the note.

Perhaps by the common law, independent of the Code provision that an action must be prosecuted in the name of the real party in interest, the note in suit being but a promissory note, though in form a writing obligatory, private seals having been abolished, the plaintiff had the right to bring the suit in his own name without indorsement. W. C. Nolen having, according to the statement in the affidavit for attachment, taken the note in his name when acting as agent for the plaintiff, and for the rent of the plaintiff's

land. *Hearshy v. Hichox, 12 Ark., 127; Gibbs v. Dickens, 33 ib., 113; Story on Agency, secs. 120, 122; Bishop on Contracts, sec. 360,* and cases cited. *Parsons' Mercantile Law, p. 148.*

If W. C. Nolen had taken the note for rent contracted to be paid to him as a landlord, and thereby had a statute lien upon the crop produced on the land for the rent, he could not have transferred such lien to the plaintiff, so as to enable him to attach the crop in his own name for the debt, by transferring to him the note, with or without indorsement. *Roberts et al. v. Jacks, 31 Ark., 597.*

But such is not the case made by the affidavit. The substance of the actual case made by it is, that the plaintiff, a non-resident of the state, and owner of a farm known as the John Nolen farm, by his agent, W. C. Nolen, rented it to defendant for the year 1878, for $250, and the agent took the note payable to himself, instead of to the plaintiff, his principal, and that the plaintiff was entitled to a lien upon the crop grown upon the farm during that year for the rent debt, and defendant had removed a portion of the crop from the premises without his consent, etc.; thereby showing, in legal effect, that the relation of landlord and tenant existed between plaintiff and defendant; and not that W. C. Nolen was the landlord, and holder of the lien, and had attempted to pass the lien to plaintiff by transferring to him the rent-note.

III. The further and final ground on which the court quashed the attachment is, that the record showed that this was an action, the trial of which, both as to the cause of action, and as to the attachment, necessarily involved the trial of title to land, which was not cognizable before a justice of the peace.

So far as this objection applied to the *personam* feature

of the action, it was overruled, as above shown, by the court, but was sustained as to the attachment.

Had the court not quashed the attachment, on the motion, the issue made to the truth of the affidavit before the justice of the peace, and tried there, would have stood for trial anew in the circuit court.

In the affidavit of the defendant, disputing the affidavit of the plaintiff, he denied that on the fifteenth of February, 1878, he rented the farm, known as the John Nolen farm, or any other land, from the plaintiff, or from any person for him. Also denied that plaintiff was, on the said fifteenth of February, 1878, or since then, the owner of said farm. Also, that plaintiff had any interest in, or lien for, rent upon the crop grown by defendant upon said farm for the year 1878. Also, that the note sued on was executed to said W. C. Nolen as the agent and for the benefit of plaintiff.

In quashing the attachment on the motion, the court assumed, in advance of any trial of the issue thus made, and before any evidence was offered that the title to the land was necessarily involved, and that plaintiff could not establish the material statements of his affidavit, and maintain his right of lien upon the crop as a landlord, and his claim to enforce it by attachment, without producing in evidence title to the land, and submitting it to adjudication. This was an error. True, if the parties had gone to trial on the issue to the truth of plaintiff's affidavit, he could not have maintained his right to attach the crop, without proving that the relation of landlord and tenant existed between him and defendant, but if he established that relation, he need not have offered evidence of his title to the land, for that defendant, under the general rule, could not dispute. *Matthews v. Morris, 31 Ark., 222.*

So much of the judgment as quashed the attachment, must be reversed, and the cause remanded to the court below, for further proceedings.