## SEVY v. STEWART *et al.*

No. 1521.   Opinion Filed March 12, 1912.

(122 Pac. 544.)

1.   **LANDLORD AND TENANT—Transfer of Leased Property.** Tenants of a grantor, by implication, as a general rule become the tenants of his grantee.

2.   **COURTS—County Court—Jurisdiction—Title to Realty.** H. leased a certain theatre building in T. to be occupied by T., beginning with May 1, 1908. S., prior to August 1, 1908, entered as a subtenant under T.   T. vacated prior to August 1, 1908.   S. continued to occupy two rooms in said building during the months of August, September, and October, 1908.   On August 3, 1908, H. sold and conveyed said theatre building to E. J. S., who brought suit against S. to recover the rents on said two rooms for said months of August, September, and October.   S. answered, denying plaintiff's ownership.   A trial was had and evidence introduced, none of which tended to prove a want of title or ownership in said plaintiff.   **Held,** that the county court was not ousted of jurisdiction.

(Syllabus by the Court.)

*Error from Tulsa County Court;*
*N. J. Gubser, Judge.*

Action by Ella J. Sevy against George A. Stewart and another.   From an order setting aside judgment against defendants and dismissing the cause, plaintiff brings error.   Reversed and remanded, with directions to reinstate the judgment.

*Chas. N. Simon,* for plaintiff in error.

*Philip Kates,* for defendants in error.

WILLIAMS, J.   The plaintiff in error, as plaintiff, sued the defendants in error, George A. Stewart and Charles E. Stewart, as defendants, in a justice of the peace court in Tulsa county, alleging, in substance, that she was, during the months of August, September, and October of 1908, the owner and in the possession of the Palm Theatre building, now called the Bijou Theatre, located in the city of Tulsa; that said defendants used and occu-

pied two rooms in said building during said months, being al-lowed to remain and use and occupy the same by her, and that the use and occupation thereof by the said defendants during said months was by and with her knowledge, sufferance, and con-sent, and of the reasonable value of $10 per month each; that the said defendants owe the said plaintiff the sum of $60 for such use and occupation, which is due and unpaid.

The defendants answered by general denial. On appeal from the justice court to the county court, trial *de novo* was had on said issues which resulted in a judgment in favor of the plaintiff.

Afterwards the defendants moved the court to set aside said judgment and dismiss said cause for want of jurisdiction on the ground that the county court has not jurisdiction of any action in any matter wherein the title or boundaries of land may be in dispute or called in question. Section 12, art. 7, Constitution.

In *Couch et al. v. McKoon, ante,* 122 Pac. 544, decided at this term, it was held in an action in the county court against certain persons for falsely representing themselves to have the right of possession and use of a tract of land for a given year, by which representation they induced plaintiff to lease the land from them for said year and to pay a valuable consideration there-for, the plaintiff having alleged in his petition that the title to said land was in another person under whom defendants claimed, and no valid lease had been made by the owner to defendants, the petition on its face shows that the title to the land is drawn in question, and that by reason of section 12, art. 7, of the Con-stitution, the county court was ousted of jurisdiction.

In *Marshall v. Burden,* 25 Okla. 554, 106 Pac. 846, it was held that, where it was apparent from the evidence or from an agreed statement of fact made in an action pending in the county court that the title of land was in dispute or called in question, the court should refuse to take further cognizance of the case, and, by reason of the provisions of section 12, art. 7, Const., dismiss the same for want of jurisdiction.

In *Loeb v. Loeb et al.,* 24 Okla. 384, 103 Pac. 570, it was held that an action brought by a grantee solely for the purpose

of recovering money paid for taxes against which his grantor had covenanted in his deed did not involve the title of the land to draw the same in question, and that the county court therefore had jurisdiction of such an action.

Section 4075, Comp. Laws 1909 (Sess. Laws 1901, p. 141), provides:

"Any person in the possession of real property, with the assent of the owner, is presumed to be a tenant at will, unless the contrary is shown, except as herein otherwise provided."

In *Thurston et al. v. Hinds*, 8 Ark. 118, it was held that justices of the peace possess no jurisdiction in actions for use and occupation where the title to the land comes in controversy, but that, where there is no controversy as to title, it is not essential to the jurisdiction of a justice of the peace that there be an express agreement or contract for rent.

Whenever the relation of landlord and tenant exists, as a rule, the tenant cannot put the title in issue in an action by the landlord against the tenant for the recovery of rent. *Nolen v. Royston,* 36 Ark. 561; *Matthews v. Morris,* 31 Ark. 222; *Byrd v. Chase,* 10 Ark. 603.

In *Bramble v. Beidler,* 38 Ark. 200, it was held:

"An answer in a justice court to an action for the purchase price of land, setting up a want of title to the land, is not, of itself, sufficient to oust the jurisdiction of the court without evidence on the trial tending to bring the title into question."

The petition in this cause stated a cause of action of which the county court had jurisdiction. The general denial put in issue not only the alleged ownership of the land by the plaintiff, but also the allegations that defendants occupied the premises with the assent of the plaintiff.

The evidence tended to prove that the defendants used and occupied two rooms in said theatre during the months as alleged and of the value as alleged; that the plaintiff became the owner of said property on the 3d day of August, 1908; that from May 1, 1908, until some time in July of the same year, O. E. Tansey occupied the said theatre under a lease from C. H. Hatcher, Jr., entered into on February 18, 1908, but that he vacated said

premises some time in July of that year; that the defendants in this case went into the possession of said premises as subtenants under said Tansey; that on August 3, 1908, the said Hatcher conveyed and sold the said theatre to the plaintiff. The evidence further shows that on August 6, 1908, the said Hatcher entered into a lease contract with certain parties for other rooms in said building, but that, while said contract was made in his name individually, it was as agent for the plaintiff. There is no substantial evidence in this record showing any conflict in the title.

The tenants of a certain grantor, as a matter of law, by implication, as a general rule become the tenants of his grantee. *Gibbons v. Dillingham,* 10 Ark. 9, 50 Am. Dec. 233. The court erred in holding that it did not have jurisdiction of this action.

The order of the lower court in setting aside the judgment against the defendants and dismissing the cause is hereby reversed and the cause remanded, with directions to reinstate said judgment.

All the Justices concur.