## TAYLOR v. COX.

No. 2904.   Opinion Filed November 11, 1913.

(136 Pac. 576.)

**COURTS—County Court—Jurisdiction—Title to Real Estate—Pleading Conclusion.** In an action in a county court on a plain promissory note, where the petition clearly states a cause of action, and the defendant answers that such note is for the balance of the purchase price of real estate, title to which is defective, the court will not be ousted of jurisdiction on the ground that title to real estate is involved, by the mere statement of a conclusion, without any definite statement of facts or offering of evidence which would make the title to real estate a material issue in the case.

(Syllabus by Harrison, C.)

   *Error from County Court, Harmon County;*
   *C. W. King, Judge.*

   Action by John B. Cox against I. M. Taylor.   Judgment for plaintiff, and defendant brings error.   Affirmed.

   *Madden & McGee,* for plaintiff in error.

   *Stuart & Stuart* and *Gray & McVay,* for defendant in error.

Opinion by HARRISON, C.  This was an action in the county court of Harmon county by John B. Cox against I. M. Taylor upon a promissory note for the sum of $250, attorney's fees, interest, and costs.  Defendant answered by general denial and by pleading want of consideration, alleging that said note was given in part payment for certain town lots in the town of Looney; that the title to said lots was evidenced by warranty deed from plaintiff, but that said title was worthless for the reason that the plats of said town site had not been filed of record as required by law; that, the title to said lots being defective, the consideration on said note had failed.  Wherefore judgment was asked for defendant.  Plaintiff filed reply denying new matter set up in defendant's answer.  Whereupon defendant moved to dismiss the action on the ground that the title to real estate was involved.  The court overruled the motion to dismiss, and defendant excepted to the ruling and elected to stand on the motion.  Whereupon the court rendered judgment in favor of plaintiff, from which judgment defendant appealed to this court, upon the ground that, the title to real estate being an issue in said action, the county court had no jurisdiction thereof and erred in rendering judgment on the note.

This contention cannot be sustained.  The suit was upon a plain promissory note.  Defendant filed his answer, thereby endeavoring to put in issue the title to real estate, and then moved to dismiss the action because the title to real estate was involved.  Upon the overruling of such motion, however, defendant refused to proceed further and elected to stand on the motion and offered no testimony in support of the issues raised in his answer.  This was not sufficient to oust the court of jurisdiction to render judgment on the note.  In *Sevy v. Stewart,* 31 Okla. 589, 122 Pac. 544, which was an action begun in the justice court of Tulsa county by Ella J. Sevy against George A. Stewart and others for rent due on a certain theater building which plaintiff alleged she was the owner of, the cause was afterwards appealed to the county court and judgment rendered in favor of Sevy.  Whereupon defendant moved to set aside the judgment on the

ground that title to real estate was involved and that under section 12, art. 7, of the Constitution, the county court had no jurisdiction. The court sustained the motion and set aside the judgment. This court reversed the order setting the judgment aside and sent it back with instructions that the original judgment be reinstated. Following *Bramble v. Beidler*, 38 Ark. 200, in the Sevy case, this court quotes with approval the following:

"An answer in a justice court to an action for the purchase price of land, setting up a want of title to the land, is not, of itself, sufficient to oust the jurisdiction of the court without evidence on the trial tending to bring the title into question."

Then resuming consideration of the questions involved in the Sevy case, this court said:

"The petition in this cause stated a cause of action of which the county court had jurisdiction. The general denial put in issue not only the alleged ownership of the land by the plaintiff, but also the allegations that defendants occupied the premises with the assent of the plaintiff. * * * There is no substantial evidence in this record showing any conflict in the title."

The case of *Bramble v. Beidler* is exactly in point with the case at bar, and the construction therein placed on a law similar to ours has been followed by this court. We see no reason for disturbing the rule. In the case at bar there is no apparent defect of title in the pleadings either by exhibits or by definite allegations. The petition in error and transcript was filed August 30, 1911, and the cause was assigned for submission in June, 1913. No briefs having been filed within the time allowed by law, the appeal is dismissed, and, as there are no apparent errors in the transcript of the record, the judgment is affirmed.

By the Court: It is so ordered.