## HODGE v. MAYFIELD.

No. 11795—Opinion Filed Feb. 19, 1924.

1. **Courts — County Court—Jurisdiction — Title to Real Estate—Action for Rent.**

In an action in the county court for rent for the use and occupancy of plaintiff's premises, where the petition clearly states a cause of action, and defendant answers, denying ownership, and alleging ownership in another, the court will not be ousted of jurisdiction on the ground that title to real estate is involved, where there is no substantial evidence in the record showing any conflict in the title.

2. **Same.**

Record examined, and held, that same discloses that there is no substantial evidence showing any conflict in the title. Held, further, that county court had jurisdiction of the controversy.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from County Court, Noble County; A. Duff Tillery, Judge.

Action by Stephen Mayfield against Richard Hodge. Judgment for plaintiff, and defendant appeals. Affirmed.

Cress & St. Clair, for plaintiff in error.

H. A. Johnson, for defendant in error.

Opinion by LYONS, C. The parties will be referred to as in the court below. Plaintiff sued the defendant in the county court to recover the sum of $250 as rent claimed to be due on certain real estate situated in Noble county, Okla. The defendant's answer set forth a denial of plaintiff's ownership, and alleged ownership in a third person.

The evidence relied on to disclose ownership in a third person shows that said third person at some time had a tax title covering the premises; had brought suit to enforce a tax deed; that a consent judgment was rendered under the terms of which plaintiff in this action was required to pay taxes and certain other items to the owner of the tax deed, and that the tax deed was thereupon cancelled and the owner thereof required to execute a quitclaim deed to plaintiff in his action.

There is some contention made that the payments adjudged due by the judgment have not been made, but with that we are not concerned, since any action to enforce the same would necessarily be based upon the judgment.

The competent and admissible evidence discloses that the owner of the tax deed had no title. The trial court properly so held and submitted the cause to the jury on the question of the amount of rent due plaintiff from defendant, who was occupying said premises. There was no contractual relation between the plaintiff and defendant, but recovery is sought on the sole ground of the use and occupancy of plaintiff's land. Under the instruction of the court submitting the question of the amount of rent due, the jury returned a verdict for plaintiff for $50. Judgment was rendered thereon and to reverse said judgment this appeal is brought.

The sole contention of plaintiff in error is that the county court had no jurisdiction in this cause because the title to land was disputed or called in question. Article 7, sec. 12, of the Constitution of Oklahoma, in defining the jurisdiction of the county court, among other things, provides that the county court shall not have jurisdiction "in any matter wherein the title or boundaries of land may be in dispute or called in question."

Section 3168, Comp. Stat. 1921, makes similar provision as follows:

"* * * And provided, further, that in any civil action in the county court where the title or boundaries of land may be called in question, said action shall be transferred to the district court in the same manner and upon the same grounds and be proceeded with therein, as provided for similar actions before justices of the peace."

It is claimed that since defendant denied plaintiff's ownership and alleged ownership in another, that the county court had no jurisdiction, although the evidence discloses clearly that the title to real estate was not substantially called in question or dispute, because it is evident that no third person had any substantial claim to said land.

We think that the county court had jurisdiction. The controversy is ruled by the case of Sevy v. Stewart, 31 Okla. 589, 122 Pac. 544.

The following language of the decision is applicable:

"The defendants answered by general denial. On appeal from the justice court to the county court, trial de novo was had on said issues which resulted in a judgment in favor of the plaintiff.

"Afterwards the defendant moved the court to set aside said judgment and dismiss said cause for want of jurisdiction on the ground that the county court has not jurisdiction of any action in any matter wherein the title or boundaries of land may be in dispute or called in question. Section 12, article 7, Constitution.

"In Couch et al. v. McKoom, ante, 31 Okla. 589, 122 Pac. 544, decided at this term, it was held in an action in the county court against certain persons for falsely representing themselves to have the right of possession and use of a tract of land for a given year, by which representation they induced plaintiff to lease the land from them for said year and to pay a valuable consideration therefor, the plaintiff having alleged in his petition that the title to said land was in another person, under whom defendants claimed, and no valid lease had been made by the owner to defendants, the petition on its face shows that the title to the land is drawn in question, and that by reason of section 12, article 7, of the Constitution, the county court was ousted of jurisdiction.

"In Marshall v. Burden, 25 Okla. 554, 106 Pac. 746, it was held that, where it was apparent from the evidence or from an agreed statement of fact made in an action pending in the county court that the title of land was in dispute or called in question, the court should refuse to take further cognizance of the case, and by reason of the provision of section 12, article 7, Constitution, dismiss the same for want of jurisdiction.

"In Loeb v. Loeb et al., 24 Okla. 384, 103 Pac. 570, it was held that an action brought solely for the purpose of recovering money paid for taxes against which his grantor had

covenanted in his deed did not involve the title of the land to draw the same in question, and that the county court therefore had jurisdiction of such an action.

"Section 4075, Comp. Laws 1909 (Sess. Laws 1910. p. 141) provides: 'Any person in the possession of real property with the assent of the owner, is presumed to be a tenant at will, unless the contrary is shown, except as herein otherwise provided.'

"In Thurston et al. v. Hinds, 8 Ark. 118, it was held that justices of the peace possess no jurisdiction in actions for use and occupation where the title to the land comes in controversy but that, where there is no controversy as to title, it is not essential to the jurisdiction of a justice of the peace that there be an express agreement or contract for rent. Whenever the relation of landlord and tenant exists, as a rule, the tenant cannot put the title in issue in an action by the landlord against the tenant for the recovery of rent. Nolen v. Royston, 36 Ark. 561; Matthews v. Norris, 31 Ark. 222; Byrd v. Chase, 10 Ark. 605.

"In Bramble v. Beidler, 38 Ark. 200, it was held: 'An answer in a justice court to an action for the purchase price of land, setting up a want of title to the land, is not, of itself, sufficient to oust the jurisdiction of the court without evidence on the trial tending to bring the title into question.'

"The petition in this cause stated a cause of action of which the county court had jurisdiction. The general denial put in issue not only the alleged ownership of the land by the plaintiff, but also the allegations that defendants occupied the premises with the assent of the plaintiff.

"The evidence tended to prove that the defendants used and occupied two rooms in said theater during the months as alleged and of the value as alleged; that the plaintiff became the owner of said property on the 3d day of August, 1908; that from May 1, 1908, until some time in July of the same year, O. N. Tansey occupied the said theater under a lease from C. H. Hatcher, Jr., entered into on February 18, 1908, but that he vacated said premises some time in July of that year; that the defendants in this case went into the possession of said premises as subtenants under said Tansey; that on August 3, 1908, the said Hatcher conveyed and sold the said theater to the plaintiff. The evidence further shows that on August 6, 1908, the said Hatcher entered into a lease contract with certain parties for other rooms in said building, but that, while said contract was made in his name individually, it was an agent for the plaintiff. There is no substantial evidence in this record showing any conflict in the title.

"The tenants of a certain grantor, as a matter of law, by implication, as a general rule, become the tenants of his grantee.

Gibbons v. Dillingham, 10 Ark. 9, 50 Am. Dec. 233. The court erred in holding that it did not have jurisdiction of this action."

The foregoing decision has been quoted with approval by this court in the case of Taylor v. Cox, 39 Okla. 583, 136 Pac. 576. We quote the rule therein announced:

"The suit was upon a plain promissory note. Defendant filed his answer, thereby endeavoring to put in issue the title to real estate, and then moved to dismiss the action because the title to real estate was involved. Upon the overruling of such motion, however, defendant refused to proceed further and elected to stand on the motion and offered no testimony in support of the issues raised in his answer. This was not sufficient to oust the court of jurisdiction to render judgment on the note. In Sevy v. Stewart, 31 Okla. 589, 122 Pac. 544, which was an action begun in the justice court of Tulsa county, by Ella J. Sevy against George A. Stewart and others for rent due on a certain theater building which plaintiff alleged she was the owner of, the cause was afterwards appealed to the county court and judgment rendered in favor of Sevy. Whereupon defendant moved to set aside the judgment on the ground that title to real estate was involved and that under section 12, article 7, of the Constitution, the county court had no jurisdiction. The court sustained the motion and set aside the judgment. This court reversed the order setting the judgment aside and sent it back with instructions that the original judgment be reinstated. Following Bramble v. Beidler, 38 Ark. 200, in the Sevy case, this court quotes with approval the following: 'An answer in a justice court to an action for the purchase price of land, setting up a want of title to the land, is not, of itself, sufficient to oust the jurisdiction of the court without evidence on the trial tending to bring the title into question.' Then resuming consideration of the questions involved in the Sevy case, this court said: 'The petition in this cause stated a cause of action of which the county court had jurisdiction. The general denial put in issue not only the alleged ownership of the land by the plaintiff, but also the allegations that defendants occupied the premises with the assent of the plaintiff. * * * There is no substantial evidence in the record showing any conflict in the title.'

"The case of Bramble v. Beidler is exactly in point with the case at bar, and the construction therein placed on a law similar to ours has been followed by this court. We see no reason for disturbing the rule."

It is clear in the instant case that the plaintiff was the owner of the land, that there was no outstanding title and no substantial claim of any outstanding title. The plaintifff was entitled to recover for the use

and occupancy of his land by defendant. The county court had jurisdiction.

The controversy was submitted to the jury under proper instructions. The judgment of the trial court is correct and is affirmed.

By the Court: It is so ordered.