## JACKS ET AL. VS. MOORE.

1. VENUE *in trespass on real property.*
   An action for an injury to real property must be brought in the county in which the property is situated.
2. JURISDICTION: *Consent can not give.*
   No consent of parties, express or implied, can give jurisdiction to a court to try a cause.

APPEAL from *Phillips* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*Palmer*, for appellants.

*Tappan & Horner, contra.*

TURNER, J.:

This is an action of trespass, tried in the Circuit Court of Phillips County at the May Term, 1877.

The complaint alleges that on or about the 6th day of May, 1876, Jacks, the defendant in the court below, entered upon the following described tract of land belonging to Moore, the plaintiff, while he was in the possession thereof, to-wit: The southwest quarter of section 18, township 1 north, range 4 east, situate in the County of Lee, in the State of Arkansas, and cut the timber growing thereon, and otherwise injured the same ; to the damage of the plaintiff $200,

The defendant filed an answer to the complaint, and the cause was submitted to a jury, who, after hearing the evidence, returned into court a verdict in favor of the plaintiff for $200 damages, for which amount judgment was accordingly rendered.

Whereupon the defendants filed their motion for a new trial, which motion was overruled, to which they excepted and took an appeal this court.

We deem it unnecessary to go into the merits of this cause, whatever they may be, for the reason that in our opinion the

Circuit Court of Phillips County had no jurisdiction over the cause of action disclosed in the complaint.

The pleadings show affirmatively that the trespass was committed on real estate situate in Lee County, while the action was instituted in the Circuit Court of Phillips County and prosecuted in that county to its final termination.

The action ought to have been brought in Lee County, where the land is situated.

By an express provision of the Code an action for an injury to real estate must be brought in the county where the land is situated and where the trespass was committed. See Gantt's Digest, sec. 4532.

The language of the Code is unequivocal. The injury and the action is local, and was so at Common Law, and the Code simply follows the common law.

Newman, in his Pleadings and Practice, under the Civil Code of Kentucky, in commenting on provisions of that Code, precisely similar to provisions of our Code, which were in fact copied from the Kentucky Code, says : At Common Law, when the action could only have arisen in a *particular* county, it was local ; such as real and mixed actions, actions of ejectment, trespass, *quare clausum fregit*, replevin, etc.    *    *    *    *    *

In accordance with this Common Law rule, the Code has declared that actions for the following causes must be brought in the county in which the subject of the action, or some part thereof is situated :

*First*—For the recovery of real property, or of an estate or interest therein.

*Second*—The partition of real property.

*Third*—For the sale of real property under a mortgage, lien or other incumbrance or charge.

*Fourth—For an injury to real property.*

See Newman's Pl. and Prac., 17.

The record does not show any exception taken or question raised in the court below touching the jurisdiction of the Phillips Circuit Court; but then no consent of parties express or implied could give the court jurisdiction, or authority to try the cause.

We being therefore clearly of opinion that the Circuit Court of Phillips County had no jurisdiction over the subject of the action, do reverse the judgment of said court and remand the cause to said court with instructions to dismiss it for want of jurisdiction.