## JORDAN v. HENDERSON.

1. JUSTICE OF THE PEACE: *Jurisdiction questioned by tenant's denial of landlord's title.*

   A Justice of the Peace should not dismiss an action for rent, for want of jurisdiction, merely upon the defendant's answer denying the plaintiff's title to the land. The answer is not to be taken as true. The facts should be investigated, and if the relations of landlord and tenant exist, the ownership of the land is not material.

APPEAL from *Franklin* Circuit Court.

Hon. W. D. JACOWAY, Circuit Judge.

*J. V. Bourland*
      *and*        } for appellants.
*U. M. Rose,*

The title was not involved, only the fact of tenancy.

When the title is brought into question by answer, a suit should not be dismissed without inquiry as to whether it is properly and *bona fide* so controverted.

Jordan v. Henderson.

ENGLISH. C. J. This suit was commenced November third, 1879, by Jas. P. Jordan, against S. M. Henderson, before a Justice of the Peace of Franklin county. The debt claimed was $75 for rent. The affidavit filed with the Justice states in substance : That the claim is just, and for rent of a certain tract of land owned by plaintiff, and cultivated by defendant for the present year. That plaintiff has a landlord's lien on the crop of cotton grown on the land for rent due thereon, and ought, as he believes, to recover thereon the sum of $75, and that defendant is about to remove all his crop, and has removed a portion of it, from the premises, without paying the rent due thereon.

An attachment was issued under the landlord's lien act, and levied on the cotton.

Defendant answered, denying all the allegations of the affidavit, except that he was about to remove the crop from the premises, and had removed a portion of it, as stated. He denied that he was the tenant of plaintiff, and that plaintiff was the owner of the land, and alleged that the land belonged to one D. D. Marvin ; that he entered under him, and that he was entitled to the rent.

On this answer, defendant moved to dismiss the suit on the ground that the Justice had no jurisdiction to try the cause, because the question of title to land was involved. The motion was sustained, and the suit dismissed without trial or inquiry into the facts by the Justice, and the plaintiff appealed to the Circuit Court.

In the Circuit Court, defendant demurred to the complaint on the grounds :

*First.* That it did not state facts sufficient to constitute a cause of action ; and,

*Second.* That the record in the case showed that the Court had no jurisdiction of the subject matter of the action.

The Court sustained the demurrer, and dismissed the case for want of jurisdiction, and plaintiff appealed.

There was nothing in the record of the case to show that title to the land was involved, or that the Court had no jurisdiction to try the case on the appeal, except the answer of defendant, and neither the Justice of the Peace, nor the Circuit Court should have taken that as true and dismissed the suit, without a trial to ascertain the facts.

If the relation of landlord and tenant existed between appellant and appellee, the ownership of the land was of no consequence, and not the subject of inquiry in the suit. See *Nolan* v. *Royston*.

Under such a practice, a landlord might not be able to recover rent in any court. The debt sued for was only $75, and appellee defeated the suit by simply alleging in his answer that the title to land was involved. If sued in the Circuit Court he might have the case dismissed by alleging that the title to the land was not involved, that he was tenant of appellant, and the debt, within the exclusive jurisdiction of a Justice of the Peace.

Reversed and remanded for trial.