## COCKRUM V. WILLIAMSON.

Decided April 12, 1890.

1. *Road Overseer—Injury caused by opening road—Liability.*

   A road overseer who, in pursuance of a valid order of the county court opening a road, enters upon another's land and removes a fence, is not liable for injury to personal property caused by stock entering the premises.

2. *Trespass on realty—Jurisdiction of justice of the peace.*

   If such order of the county court was void, the entry was a trespass on realty for which a justice of the peace has no jusrisdiction to try an action of damages.

APPEAL from *Baxter* Circuit Court.

R. H. POWELL, Judge.

Williamson sued Cockrum in the court of a justice of the peace for damages for a trespass. There were no written pleadings. The evidence showed that the county court of Baxter county appointed viewers to lay out a public highway; that the viewers made report as required by section 5936, Mansfield's Digest, recommending that the road be established across the enclosed land of plaintiff; that the county court approved the report and ordered defendant, the overseer, to establish the road; that, pursuant to such order, defendant laid down plaintiff's fence on both sides and established the road. In consequence of such action on the part of defendant, stock got into plaintiff's field and pulled three or four hundred pounds of seed cotton out of a pen in the field and destroyed it.

Verdict for plaintiff in the circuit court.

Defendant appealed.

*Horton & Horton* for appellant.

1. Instruction No. 1, asked by defendant is clearly the law. The order of the county court establishing a highway

through the plaintiff's land protected the overseer in the discharge of his duty in removing obstructions. Mansf. Dig., secs. 5937, 5902-3; Lewis on Em. Dom., sec. 92 and note 5; secs. 94, 95, 96, 589; Mills, Em. Dom., secs. 283-4-5; 13 Me., 250; 99 U. S., 641-2; 1 Pick., 418; 20 How. 135.

2. Section 5938 is directory; no order necessary to authorize the overseer to work road. Cooley, Const. Lim. (5th ed.), pp. 88-9-90, 61, 92, 93; 34 Ark., 491; 30 Ark., 31.

3. Plaintiff's remedy, if damaged, is pointed out by statute. Mansf. Dig., secs. 5934-5-6-7. This is exclusive. 29 Ark., 174, 185-6. After confirmation of viewers' report, it will be presumed that everything required by law was done. 27 Ark., 292; 38 Ark., 150, 157.

1. Liability of overseer opening road under order of court. PER CURIAM. If the order of the county court opening the road was valid and binding upon the land owner, as the plaintiff seems to concede, then the road overseer who entered upon the land, in pursuance of the order, had authority to remove the fence where it obstructed the highway, without becoming responsible for injury done to the plaintiff's personal property by stock entering the premises.

2. Trespass on realty—Jurisdiction of justice of the peace. If the order was void the entry of the overseer was a trespass on realty, and the justice had no jurisdiction to try the cause.

In neither event could the plaintiff recover.

Reverse the judgment.