| 59 | 330 |
| 81 | 193 |

## JANSEN *v.* STRAYHORN.

### Opinion delivered June 23, 1894.

1  *Appeal—Judgment by confession.*

A judgment entered by a justice of the peace in favor of an interpleader in an attachment suit, containing a recital that plaintiff's attorney "acknowledged judgment for the property," will not, on appeal, be treated as a judgment by confession where plaintiff's attorney resisted the interplea, and no authority is shown to have been possessed by him to confess judgment on behalf of plaintiff.

2.  *Jurisdiction of justice of the peace—Land title.*

In an action before a justice of the peace to enforce a landlord's lien, an interplea setting up that interpleader holds a mortgage upon defendant's crops, and that plaintiff is not their landlord, is not, of itself, sufficient to oust the jurisdiction of the court, without evidence at the trial tending to bring the title in question.

Appeal from Logan Circuit Court.

HUGH F. THOMASON, Judge.

*J. F. Sellers* for appellant.

1.  Strayhorn, having confessed judgment, could not
appeal.  24 Ark. 599; 6 Cal. 666; 22 Ill. 456; 5 Ind. 526;
23 Iowa, 547; 10 *id.* 592; 20 La. 137; 6 Houst. (Del.
Sup.) 343; 29 Pac. 889.

2.  It was error to sustain the demurrer to the
amended interplea.  It raised no issue as to the title to

land. Before final disposition of the proceeds, any person may interplead. Mansf. Dig. sec. 356.

The appellee *pro se.*

1. A judgment by confession is statutory. The judgment in this case, while sufficient in form perhaps (24 Ark. 599), does not follow the pre-requisites for a judgment by confession. Appeals are allowed from *all* judgments except judgments of dismissal. Mansf. Dig. sec. 4134.

2. By his interplea as amended, an issue was raised as to the *title to land*, as to which the justice had no jurisdiction, and the circuit court could acquire none on appeal.

HUGHES, J. The appellee sued out an attachment in a suit brought by him for rent of land, and had the order of attachment levied upon crops of corn and cotton of the defendants, J. S. Whitecotton, Willis Wise, John Whitecotton, and Ned Cravens. The appellee recovered judgment for $200. His attachment was sustained, and the property attached was ordered sold by the justice of the peace before whom the judgment was rendered. The appellant, Jansen, before the sale, filed an interplea, and claimed the property by virtue of mortgages executed by J. S. Whitecotton, Ned Cravens, and Mary Wise. In his interplea, Jansen alleged that the relation of landlord and tenant did not exist between the appellee, Strayhorn, and the defendants. The justice of the peace rendered a judgment in favor of the interpleader, stating that "W. B. Jackson acknowledged judgment for the property." Strayhorn, the appellee here, appealed to the circuit court, and there Jansen, the interpleader, filed the following amendment to his interplea: "That on the —— day of —— 1887, the plaintiff, as he has been informed and believes, sold the farm on which said crops were grown,

to J. S. Whitecotton, defendant herein, who went into possession thereof,. under and by virtue of his said purchase, and was holding possession, by virtue thereof, continuously until and after this suit was brought by plaintiff; that defendants, Willis Wise and Ned Cravens, were tenants under the said Whitecotton, and holding by virtue of their rental contract with him; and that there never was any contract between plaintiff and defendants, or any of them, that they should pay plaintiff rents for the year 1889, or any rents whatever upon said lands." There was a demurrer to this amendment to the interplea, which was sustained, to which appellant excepted, and appealed to this court.

1. As to appeal from confessed judgment.

It is contended that Strayhorn, having confessed judgment before the justice of the peace, could not thereafter appeal to the circuit court. We cannot treat the judgment by the justice in favor of Jansen, for the property, as a judgment by confession. It was not such under the statute (secs. 5185 to 5187, Mansfield's Digest). W. B. Jackson, who, the entry says, "acknowledged judgment for the property," was the attorney for Strayhorn, and resisted the interplea, and no authority is shown to have been possessed by him to make any confession of judgment for Strayhorn.

2. Jurisdiction of justice of the peace.

It is contended that the demurrer to the interplea is good because the interplea raised an issue as to the title to land, which the justice of the peace had no jurisdiction to try. This is incorrect. The interplea raised the question whether Whitecotton, Wise and Cravens were tenants of Strayhorn, and whether they had contracted to pay, or were obliged to him for, rent, to recover which he was suing. Their contention was that they did not hold under him as tenants; that he was not their landlord. An answer of this kind to an action in a justice's court, setting up a want of title to the land, is not, of itself, sufficient to oust the jurisdiction of the

court, without evidence on the trial tending to bring the title into question. *Bramble* v. *Beidler*, 38 Ark. 200.

The judgment is reversed, with directions to over-rule the demurrer to the amendment to the appellant's interplea.