EMERSON v. TURNER.

Opinion delivered June 6, 1910.

1. VENUE—CONVERSION OF TIMBER.—An action for the conversion of timber is not an action "for an injury to real property" within Kirby's Digest, § 6060, requiring such an action to be brought "in the county in which the subject of the action or some part thereof is situated." (Page 601.)

2. INSTRUCTIONS—APPLICABILITY TO EVIDENCE.—The giving of an abstract and misleading instruction will be ground for reversal. (Page 602.)

3. AGENCY—LIABILITY OF AGENT—DAMAGES.—Where plaintiff's agent was sued for converting or allowing to be converted the timber of the plaintiff, and there was evidence that defendant had knowledge that timber had been wrongfully cut from the plantiff's land and neglected to report same to the latter, it was error to instruct the jury that, if defendant knew of such cutting, they should find for plaintiff the value of the timber so cut and removed unless defendant notified plaintiff of said cutting and removal, in the absence of proof of any damage from defendant's neglect to inform plaintiff of the cutting. (Page 603.)

4. PLEADING—VARIANCE.—Under a complaint which alleged that defendant as plaintiff's agent had converted defendant's timber it is not admissible for plaintiff to recover damages for defendant's negligent failure to notify plaintiff that the timber had been converted by another. (Page 603.)

5. NEGLIGENCE—RECOVERY OF DAMAGES—EVIDENCE.—Under a complaint which alleged that it was the defendant's duty as agent to report depredations upon plaintiff's timber, that the conversion of certain timber was known to defendant and that he never reported same to plaintiff, plaintiff could not recover more than nominal damages without showing that he sustained actual damages from defendant's negligence. (Page 603.)

Appeal from Columbia Circuit Court; *George W. Hays,* Judge; reversed.

STATEMENT BY THE COURT.

The appellee alleges in his complaint that he owned certain lands in Columbia and Nevada counties, Arkansas, and had owned these lands for a number of years; that the appellant, R. L. Emerson, was the agent of the appellee to look after these lands, and, while he was acting as agent of the appellee, he cut or allowed to be cut, converted or allowed to be converted, 650,000 feet of pine timber growing on lands belonging to the appellee in Nevada County, and that on the 10th day of July, 1903, the appellant cut, converted and allowed to be converted, pine and oak timber amounting to 1,450,000 feet upon his lands lying in Columbia County, Arkansas, and asks judgment for the conversion of said timber in the sum of $4,587.50.

Appellant admitted that appellee "employed him to manage and control said lands for him the said plaintiff; that under said employment he took charge of said lands for the plaintiff, and has since said time had control of same and paid taxes thereon; he admits that plaintiff is still the owner of 160 acres of land in the county of Nevada and about 220 acres in the

county of Columbia." Appellant denies "that he converted to his own use the property of appellee." He further alleges: "that, under his contract of agency with the appellee, he was to manage and control said lands and was impowered to sell same, or any part thereof, or interest therein belonging to the said appellee in like manner as if he was the owner thereof, and to keep the taxes paid thereon; from time to time it was agreed that he report his actions in respect to said lands to the appellee. And further alleges a full compliance on his part with the contract with the appellee, and alleges that, during the time that he was employed as agent, he paid taxes on said lands to the amount of $43.42, during all of which time he was unable to hear from the appellee; that the appellee wholly failed to reimburse him for this amount; and further alleges that, during the time he was acting as agent and had full management and control of said lands, the said appellee sold nearly all the lands that he owned in Columbia and Nevada counties, receiving therefor the sum of $4,550, for which he never compensated the appellant for his services rendered in this respect, and alleges that ten per cent, or $450, would be a reasonable compensation therefor. He further alleges that in the year 1903, after he had made repeated efforts and was unable to locate the appellee, he as such agent sold to the Camden Lumber Company the pine and oak timber on 220 acres of land lying in Columbia County, Arkansas, receiving therefor about $250, which was the reasonable cash market value for said timber at that time. The appellant further pleads the statute of limitation as to all claims of the appellee. The suit was brought in Columbia County. The facts are as follows:

"In the year 1882, the appellee, W. D. Turner, purchased from the State of Arkansas, several hundred acres of land lying in the counties of Columbia and Nevada, Arkansas. Soon after he purchased these lands he employed the appellant, as his agent to look after the lands, see that the taxes were paid and to find a purchaser. Emerson testified that he was given full authority to sell the lands. Turner testified that he was to find purchasers and the price to be submitted to him before sale was made. He also testified that he gave him authority to sell the lands at $2.50 per acre. Emerson testified that he had full authority to sell the timber or the land, and Turner testified that he had no such authority. In the year 1891

Emerson discovered that Turner's title to these lands in controversy was defective, and went to work and cleared the title to same, and got a new deed, which was made to Turner. This title deed was left by Turner in the possession of Emerson, so that Emerson could exhibit same to purchasers and thereby make a sale of the land. This deed still remains in the possession of Emerson. In 1891 Turner, without the knowledge of Emerson, sold nearly all the lands that he owned in Columbia and Nevada counties, Arkansas, receiving therefor the sum of forty-five hundred dollars. No commissions were paid to Emerson on this sale. Turner claims that he reserved the right to make a sale himself. He also claims that he knew nothing about the value of the land, and was depending upon Emerson for his information as to the value of same. Emerson straightened the title to these lands and got the deed in 1895, and Turner settled the expenses of same in the year 1897. Turner testified that he wrote several letters to Emerson in regard to the lands in the year 1897, but received no reply. He had no further correspondence with Emerson in regard to the matter for ten years after 1897. Emerson testified that he wrote several times to Turner in 1897, 1898, but received no reply, and did not know anything about the whereabouts of Turner. He continued, however, to pay the taxes on this land for ten years after 1897. In 1903 Emerson sold the timber on a large body of land owned by himself to the Camden Lumber Company, and in this deed to the timber he included the timber on the lands owned by Turner in Columbia County, Arkansas. It appears from the evidence that pine timber had been cut from the lands owned by Turner in Nevada County, Arkansas. One witness testified that he came down to see Mr. Emerson in the year 1891 in regard to buying some land, and that, in this conversation he had with Emerson, Emerson told him that if any one cut the timber on these lands in Nevada County he would pay him for the information. This witness states that in that conversation he told Emerson that the timber had already been cut on these lands. Emerson denies that this man ever gave him any such information. This is the only evidence of any knowledge on Emerson's part that timber had been cut from the lands in Nevada County. There is no evidence to show Emerson au-

thorized any one, either directly or indirectly, to cut any of the timber on the lands in Nevada County."

As to the land in Nevada County the court instructed the jury at the request of appellee and over the objection of appellant as follows:

"2. The court instructs the jury that if they believe from the evidence R. L. Emerson was agent of W. D. Turner to manage his lands in Columbia and Nevada counties; that his duty as such agent was to pay taxes, find purchasers and report depredations on timber; and if you further find from the evidence that, while he was so acting as agent, the timber was cut from part of the lands in Nevada County, and removed away, and that he knew of the cutting and removal, then the said R. L. Emerson is liable for the value of the timber at the time same was cut and removed, and they will so find for plaintiff, unless they further believe from the evidence R. L. Emerson notified said Turner of the said cutting and removal."

Exceptions were duly saved. And the court refused the following prayer of appellant:

"2. The jury are instructed that as to the lands in Nevada County your verdict will be for the defendant."

It is unnecessary to set forth other instructions. As to what the rulings of the court should have been on other prayers will appear in the opinion.

From a judgment based on a verdict in favor of appellee for $993.86 this appeal has been duly prosecuted.

*Powell & Taylor,* and *C. W. McKay,* for appellant.

An action for damage to land must be brought in the county where the lands is situated. 33 Ark. 31. Before appellant could be held for conversion of the timber, he must have authorized the cutting of it. 11 Am. Rep. 28; 15 Ill. App. 532; 23 Ann. Rep. 184; 9 Wend. 167; 16 Johns. 74; 3 Taunt. 117; 11 Am. St. 407; 21 Wend. 610; 50 N. Y. 17. The action was barred by limitations. 10 Ark: 230; 46 Ark. 25; 58 Ark. 90; 52 Ark. 168; 81 Ark. 527; 58 Ark. 91; 25 Ark. 467.

*Stevens & Stevens,* for appellee.

WOOD, J., (after stating the facts). 1. The appellant contends that the Columbia Circuit Court had no jurisdiction of the subject-matter as to the timber cut from the land in Nevada

County upon the authority of section 6060 of Kirby's Digest and *Jacks* v. *Moore*, 33 Ark. 31. Section 6060 of Kirby's Digest provides: "Actions for the following causes must be brought in the county in which the subject of the action or some part thereof is situated.

\* \* \* \* \* \* \* \* \* \* \*

"Subdiv. 4: For an injury to real property."

In *Jacks* v. *Moore, supra,* the complaint alleged "that the defendant entered upon the following land" (describing it) "and cut the timber growing thereon, and otherwise injured the same, to the damage of the plaintiff $200."

That was a suit for trespass upon the land and injury to it. But such is not the nature of this suit. It is simply a suit for the value of timber, which appellee alleged belonged to him, and which his agent, appellant, had converted to his own use. There is no allegation that the land itself was injured or damaged, or that appellant had trespassed thereon in order to convert the timber. The Columbia Circuit Court had jurisdiction, under the allegations of this complaint, to render judgment for the value of timber, if any, that was converted by appellant from the land in Nevada County.

2. The court erred in giving prayer number 2 of appellee and in refusing prayer number 2 of appellant. Prayer number 2 of appellee was abstract. There was no testimony tending to prove that appellant converted to his own use any of the timber of appellee on the land in Nevada County. No evidence that appellant entered upon these lands himself and cut the timber therefrom, nor that he authorized any one else to do so. There is no evidence that he sold the timber on these lands. There is no affirmative tortious act shown on the part of appellant, by which the timber on the land in Nevada County was lost to appellee. That would be necessary before appellant could be held liable as for conversion.

"Trover does not lie by a principal against his agent, unless he has converted the property of his principal to his own use or disposed of it contrary to his instructions. Trover does not lie for an omission of duty by the agent, though the property is lost by his negligence; nor does it lie where, though wanting in good faith, he has acted within the general scope of his powers."

*McMorris* v. *Simpson,* 21 Wend. 610, and other cases cited in appellant's brief.

However, since all forms of action have been abolished in this State, it would be wholly immaterial whether the loss of appellee's timber was caused by some tortious act committed by appellant, or by some duty on his part with reference thereto which he omitted or neglected to perform. In either case, upon proper allegations and proof of the facts set up, appellant would be liable. *Fordyce* v. *Nix,* 58 Ark. 136. But here appellee has set up affirmative and positive acts on the part of appellant constituting conversion, and he has failed to prove any of these acts. It is not charged in the complaint that the timber of appellee in Nevada County was lost to appellee by reason of the negligence of appellant in failing to notify appellee that such timber had been cut. It is not alleged that such notice would have been effectual in preventing the loss of the timber. Furthermore, even if such allegations had been made, or the complaint be treated as so amended, still there is no evidence in the record to warrant a finding that appellee lost the timber in Nevada County because appellant failed to notify him that such timber had been removed from the land. There is an allegation that it was the duty of appellant to report depredations upon the timber, and that the cutting and conversion of the timber aforesaid was known to the appellant, and that he never reported same to appellee. But this allegation, when proved, would only go to establish negligence on the part of the appellant. The presumption would be that the principal had suffered at least nominal damages from such negligence. But the burden would still be upon the appellee, the principal, to show that he sustained actual damages from such negligence, and the amount that it would require to compensate him for such damages, before he could recover for such. Tiffany on Agency, p. 398; 1 Clark & Skyles on Agency, 398.

The evidence entirely fails to establish that appellee sustained any actual damage by reason of appellant's negligence, if he was negligent, in failing to notify appellee of depredations upon his timber. Before appellee could recover for the value of the timber cut in Nevada County, it was incumbent upon him to prove that he lost the timber by reason of the failure of appellant to notify him of the cutting and removal of such tim-

ber.   Suppose appellee had notice of the depredations upon his timber through some other source than appellant.   Then the failure of appellant to give him notice could not have been the cause of any actual damage to appellee.   To justify actual or compensatory damages, the loss sustained must be the direct and proximate result of the negligence alleged.   Instruction number 4 given at appellant's request† has reference to a failure on the part of appellant to prevent a trespass upon the lands, and not to his failure to notify appellee after the trespass had been committed.   It does not cover the same ground as instruction number 2, *supra,* given at request of appellee.   The instruction under consideration allows appellee to recover of appellant "unless appellant notified appellee of said cutting and removal."   The instruction was prejudicial.   The error in giving it is not waived by appellant or cured by any other instruction.   It follows also that the court erred in not giving appellant's prayer for instruction number 2.

3.   The statute of limitations, under the evidence, did not bar appellee of any right he might have had to recover.   There was no error in giving appellee's prayer number 3.*

4.   As it is impossible for us to determine from the evidence here what amount of the verdict represents the timber from the lands in Nevada County, we are unable to eliminate the error of the ruling of the court upon the instructions indicated.

The cause therefore, for this error, must be reversed and remanded for new trial.

---

†Instruction number 4, given at appellant's request, was as follows: "4.   You are instructed that if you find from the evidence that the timber was cut on any of the lands described in plaintiff's complaint, and without the authority of Emerson, then you are instructed that plaintiff cannot recover for such timber so cut unless you further find from the evidence that it was Emerson's duty to look after said land and prevent trespasses upon the same and that he was negligent in the performance of his duty."

*Appellee's prayer number 3 was as follows: "3.   The court instructs the jury that upon a plea of the statute of limitations filed herein they will find for the plaintiff."