## CLINE *v.* CLINE.

### Opinion delivered December 11, 1911.

1.  JUSTICE OF THE PEACE—JURISDICTION.—Under a verbal agreement between plaintiff and defendant whereby plaintiff was to take possession of certain land for one year and receive the rent for same, a justice of the peace has jurisdiction of an action by plaintiff to recover such rent wrongfully seized by defendant, as the title to the land was not involved. (Page 251.)

2.  APPEAL AND ERROR—DEFENSE NOT RAISED BELOW.—Where the statute of frauds was not pleaded in the trial court, it can not be availed of on appeal for the first time. (Page 252.)

Appeal from Pope Circuit Court; *Hugh Basham,* Judge; affirmed.

*Brooks, Hays & Martin,* for appellant.

Justices of the peace have no jurisdiction of cases where the title to or right of possession of land is involved. Art. 7, § 40, Const. 1874; 7 Ark. 305; 81 Ark. 192.

*J. T. Bullock,* for appellee.

The suit is not by a landlord to recover rents from a tenant, but an action in replevin against one who has taken possession of a crop from a tenant, claiming ownership of same

as the tenant's landlord. The mere introduction of a deed or a lease contract in order to establish some collateral fact does not involve the title to the lands. The question of title to lands must be directly and necessarily involved in order to oust the jurisdiction of the justice of the peace. 48 Mich. 175; 24 Cyc. 451, 452, notes; 54 Ark. 16; 37 Ark. 120, 122; 38 Ark. 200; 59 Ark. 330. Growing and standing crops are subject to replevin. 34 Cyc. 1367; 75 Ark. 336.

HART, J. On the 22d day of February, 1889, J. D. M. Cline died intestate, owning a certain tract of land in Pope County, Arkansas, which was his homestead. He left surviving him Mrs. E. T. Cline, his widow, J. W. Cline, his son by a former wife, and several minor children.

On the 30th day of October, 1899, Mrs. E. T. Cline and J. W. Cline entered into a written contract by which the former leased to the latter for her lifetime her interest in said homestead, and in consideration therefor J. W. Cline agreed to pay the taxes each year and the sum of $30 per annum as rent. J. W. Cline took possession of the land under the contract and held possession thereof until the beginning of the year 1910, at which time he and Mrs. E. T. Cline entered into an oral agreement, whereby he agreed to let her take the land back for the crop season of 1910 if she would release him from his part of the written contract for said year. Subsequent to the oral agreement, Mrs. E. T. Cline rented said land to W. H. McKinney for the year 1910. He took possession as her tenant for said year, and agreed to pay her as rent thereof one-fourth of the cotton and one-third of the corn. It was agreed between them that McKinney should leave her part of the crop in the field. He gathered his part of the crop in the fall of 1910, and left her part in the field as agreed upon.

J. W. Cline then entered the land and took possession of the crop left in the field. Mrs. E. T. Cline brought suit against him in the justice's court to recover possession of the crop. She recovered judgment there, and J. W. Cline appealed to the circuit court. The case was tried anew in the circuit court on the facts stated above, and on the written contract of the lease introduced by the defendant. The court directed a verdict for the plaintiff, and the defendant has appealed.

Counsel for the defendant insist that the judgment should

be reversed, because the title to the land was involved, and the justice of the peace had no jurisdiction of the case. We do not think so. There was no controversy concerning the title to the land. The plaintiff was not bound to prove or disprove her title to the land in order to establish her right to recover in the action. The undisputed evidence shows that she was to take possession of the land for the year 1910, and receive the rent for same. Pursuant to this agreement, she took possession of the land, and rented it out for a part of the crop. Her tenant left her share of the crop in the field, and she had a right to recover it from the defendant, who had unlawfully taken possession of it. The lease contract was not an issue in the case, and the title to the land was not involved.

As stated in the case of *Quertermous* v. *Hatfield*, 54 Ark. 16, it was the status of the parties, and not the title to the land, that was involved in this suit.

Counsel for the defendant also urged that the oral contract between the plaintiff and the defendant, whereby the plaintiff was to take possession of and receive rent for the land for the year 1910, was within the statute of frauds. The record does not show that the statute of frauds was pleaded in the lower court, and it can not be availed of here for the first time. *St. Louis, I. M. & S. Ry. Co.* v. *Hall*, 71 Ark. 302.

The judgment will be affirmed.