## FERRELL *v.* ELKINS.

Opinion delivered May 21, 1923.

1. CONTRACTS—PUBLIC POLICY—EVIDENCE.—While no court should hesitate to declare void any agreement or contract to corrupt or influence improperly the official conduct of any public servant, yet, before applying such remedy and permitting one who has received a valuable consideration for a promise fair upon its face to escape its performance by pleading the invalidity of his own agreement, such fatal defect therein must be so clear as to be free from doubt.

2. PLEADING—PRESUMPTION IN FAVOR OF.—Under the Code, every reasonable intendment and presumption is to be made in favor of a pleading, and a complaint will not be set aside on demurrer unless it is so fatally defective that, taking all the facts to be admitted, the court can say they furnish no cause of action whatever.

3. CONTRACTS—ILLEGALITY.—It is not enough to defeat the enforcement of a contract that it is susceptible of an illegal use, or that one of the parties to it may have contemplated and designed such illegal use, if the other had a right to suppose, under the circumstances, that the contract was to have effect according to its apparent and lawful construction.

4. CONTRACTS—SUFFICIENCY OF COMPLAINT.—A complaint alleging that plaintiff was associated with defendants in a construction company for the purpose of building roads, having a one-third interest in any contracts they might obtain, that plaintiff did a great amount of preliminary work which was used by defendants in procuring a contract to construct a certain road, and that upon a dissolution of the partnership defendants agreed to pay a specified sum to plaintiff for his interest in the partnership, *held* to state a cause of action.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; reversed.

STATEMENT OF FACTS.

Clyde A. Ferrell sued M. W. Elkins and W. I. Davis to recover $10,000 alleged to be due him for assisting them in procuring a contract between them and the Western Lawrence Road Improvement District No. 1 to construct an improved road.

The court sustained a demurrer to the complaint on the ground that the contract sued on was against public policy, and void. The plaintiff amended his complaint, and the court again sustained a demurrer to it on the same ground. The plaintiff then filed an amended complaint. It alleges that the plaintiff, Ferrell, is a citizen of Pulaski County, Ark.; that the defendant, Elkins, is a citizen and resident of Pulaski County, and that the defendant, Davis, is a resident of Lawrence County, Ark. That in the year 1919 the plaintiff was associated with said defendants in a construction company for the purpose of road building, and, as a partner with them, was interested in their business to the extent of one-third of any contracts they might obtain; that he was an engineer, and familiar with the class and kind of work which they expected to do; that, in securing contracts

for the construction of roads, it is necessary to do a great amount of preliminary work, such as making surveys and cross-sectioning the road and estimating and compiling data as to the costs, profits, etc. That during the year 1919 said partnership became interested in the contemplated improvement of Western Lawrence Road Improvement District No. 1, and that the plaintiff did a great amount of preliminary work, surveying, estimating, etc., all of which he furnished the partnership, and which was used by it in bidding upon and in securing the contract to construct an improved road in said improvement district. That before a bid was made for said work it was desirable that the partnership should be dissolved, and this was done, and that, upon the dissolution of the partnership, Davis agreed to pay Elkins $5,000 for his interest therein and Ferrell $10,000 for his interest. That Davis was not able to make said payments in cash, and made a contract in writing whereby he agreed to pay Elkins for his use and benefit and for the use and benefit of Ferrell the sum of $15,000, and that the same should be paid to him by the commissioners of said district. A copy of said contract was made a part of the complaint, and that no amount whatever had been paid the plaintiff under said contract. Wherefore the plaintiff prayed for judgment against both defendants in the sum of $10,000.

Exhibit "A" referred to in the complaint is as follows:

"September 2, 1919.

"Mr. Clyde A. Ferrell, Little Rock, Ark.

"Subject: Western Road Improvement District, Lawrence County, Arkansas.

"Dear sir: I hereby assign to you a two-thirds interest in and (to) the agreement given me this day by W. I. Davis, contractor, who agreed to pay me a fee of $15,000 for my assistance in aiding to secure the above contract.

"As the first payments are made to me, I agree to pay to you one-half of each payment until I have received the sum of $10,000, then you are to receive all of the remainder of $5,000.

"Very truly yours,

(Signed) "M. W. ELKINS."

The court sustained a demurrer to the amended complaint. Thereupon the plaintiff refused to plead further and elected to stand upon his complaint, and his complaint was dismissed by the court.

The plaintiff has duly prosecuted an appeal to this court.

*G. E. Garner,* for appellant.

*Mehaffy, Donham & Mehaffy,* for appellees.

The contract sued on is void as against public policy. 40 Ark. 251; 133 Ark. 113; 147 Ark. 252; 134 Ark. 328; 124 Ark. 313; 122 Ark. 562.

*Murphy, McHaney & Dunaway,* for appellee Davis.

The court properly sustained the demurrer to the complaint, the contract sued on being void as against public policy. 124 Ark. 313; 160 N. W. (Ia.) 927; 94 S. E. (W. Va.) 388; 177 Pac. (Okla.) 903; 219 Ill. App. 432; 226 S. W. (Tenn.) 221; 129 N. E. (Mass.) 669; 152 Ark. 139; 61 So. (Ala.) 373; 95 Pac. (Colo.) 936; 117 N. W. (Ia.) 746; 139 N. W. 567; 182 S. W. (Ky.) 220; 155 Pac. (Okla.) 241; 118 S. W. (Tex.) 848; 62 So. (Ala.). 542.

HART, J. (after stating the facts). As above stated, the ground upon which the demurrer to the amended complaint was sustained by the court is that the contract sued on is contrary to public policy, and therefore void. This court has held that a contract to procure the passage of an act of the Legislature by lobby services, or by using personal influence with the members, is void as against public policy. *Buchanan* v. *Farmer,* 122 Ark. 562, and *Miller County H. & B. Dist.* v. *Cook,* 134 Ark. 328.

The Supreme Court of the United States has said that there is no real difference, in principle, between

agreements to procure favors from legislative bodies and agreements to procure favors in the shape of contracts from the heads of departments of the United States Government. The court further said that the introduction of improper elements to control the action of both is the direct and inevitable result of all such arrangements. *Tool Co.* v. *Norris,* 2 Wall. (U. S.) 45. See also *Cole* v. *Brown-Hurley Hardware Co.* (Iowa), 18 L. R. A. (N. S.) 1161, and *Kansas City Paper House* v. *Foley Railway Printing Co.* (Kan.), 39 L. R. A. (N. S.) 747.

In the case from Iowa, just cited, it was said that no court should hesitate to declare void any agreement or contract to corrupt or improperly influence the official conduct of any public servant, but that it is an equally sound principle which leads courts to declare that, before applying such remedy, and permitting one who has received a valuable consideration for a promise, fair upon its face, to escape its performance by pleading the invalidity of his own agreement, such fatal defect therein must be so clear as to be free from doubt.

The question before the court here is whether or not the language of the complaint brings the case within the ban of the principles of law above announced. It will be remembered that the court sustained a demurrer to the amended complaint, and the plaintiff declined to plead further. Contrary to the common-law rule, under our Code every reasonable intendment and presumption is to be made in favor of a pleading, and a complaint will not be set aside on demurrer unless it be so fatally defective that, taking all the facts to be admitted, the court can say they furnish no cause of action whatever. *Cox* v. *Smith,* 93 Ark. 371.

Now if, under the allegations of the complaint, the contract in question is susceptible of being carried out in a lawful way without conflicting in any manner with the common intent of the parties at the time the contract was entered into, there is no ground on which it can be held

to be invalid. It is not enough to defeat it that it is susceptible of an illegal use, or that one of the parties to it may have contemplated and designed such illegal use, if the other had a right to suppose, under the circumstances, that the contract was to have effect according to its apparent and lawful construction. *Gregory* v. *Wendall,* 40 Mich. 432.

In the instant case, according to the allegations of the complaint, the plaintiff and the defendants had entered into a partnership for the purpose of constructing improved roads under contracts with road improvement districts organized under the statutes of the State. The plaintiff had a third interest in the partnership, but had personally collected data and made preliminary surveys, including a cross-sectioning of a public road which was to be constructed in Lawrence County by certain improvement district commissioners. The surveys made and the data collected by the plaintiff were of much value in bidding on said contract. It was a perfectly legal act for the plaintiff to sell the information he had thus collected to the defendants, to be used by them in bidding upon the contract. Of course, the plaintiff could not sell his personal influence with the commissioners to the defendants. Such an agreement on his part would be against public policy, within the principles above announced, and would make the agreement void.

On the other hand, the sale of the data and information collected by him during the existence of the partnership, as above recited, would not be contrary to public policy, and would afford a good and valuable consideration for a valid agreement between the defendants in relation thereto.

Tested by the rule announced, it cannot be said that the contract sued on is invalid. The question is one of fact to be decided on by a court, after hearing the evidence of what was done and said by the parties to the agreement in question. It is sufficient here to say that

the complaint and exhibit thereto do not, on their face, necessarily allege illegal dealings between the parties.

Hence the court erred in sustaining the demurrer to the amended complaint, and for that error the judgment must be reversed, and the cause will be remanded, with directions to overrule the demurrer, and for further proceedings according to law.