SHORT *v.* KENNEDY.

Opinion delivered February 23, 1931.

*C. H. Herndon,* for appellant.

*O. A. Featherston,* for appellee.

MEHAFFY, J. This suit was begun by appellee, who filed the following complaint in the justice of the peace court in Pike County:

"That some time in the month of May, 1929, the defendant cut and converted to his own use 3,234 feet of pine logs from the lands of the plaintiff. That said logs so converted by the defendant are worth the sum of $30, and that the defendant has failed and refused and still fails and refuses to pay the plaintiff therefor, although payment has been repeatedly demanded of the defendant by the plaintiff. Wherefore plaintiff prays that he have judgment against the defendant for the sum of $30 with interest thereon from the date of the conversion of the said timber, together with costs of this suit, and for all other legal and other relief."

The appellant filed several motions which the court overruled, and then answer was filed denying that appellee owned the land from which the timber had been cut and alleging that if any timber had been cut, it had been paid for in full. There was a trial and judgment for

appellee for the amount sued for, and appellant appealed to the circuit court. In the circuit court objections to the jurisdiction of the court were renewed and the several motions of appellant were presented and overruled. The trial in the circuit court resulted in a verdict and judgment for the appellee, and the case is here on appeal.

The appellant contends, first, that the case should be reversed because the court did not require the appellee to file his title papers, and because the court did not require the appellee to allege in his complaint whether this was an action for breach of contract or trespass.

The introduction of the title papers, if necessary for any purpose, would be evidence, but it was not necessary for the appellee to file his title papers. The rule requires a statement of the facts constituting plaintiff's cause of action, and it does not require the plaintiff in a case to file his evidence. *Driesbach* v. *Beckham,* 178 Ark. 816, 12 S. W. (2d) 408; *Ellis* v. *First National Bank,* 163 Ark. 471, 260 S. W. 714; *Cox* v. *Smith,* 93 Ark. 371, 125 S. W. 137, 137 Am. St. Rep. 89; *Bruce* v. *Benedict,* 31 Ark. 301; *Turner* v. *Tapscott,* 30 Ark. 312; *Ferrell* v. *Elkins,* 159 Ark. 31, 251 S. W. 380.

Appellant's motion to require appellee to state whether he was suing on a breach of contract or for trespass was properly overruled. The complaint stated plainly that the appellant had converted logs belonging to the appellees, of the value of $30, and asked judgment for that amount. It was therefore perfectly plain from the complaint filed that it was a suit for the value of the logs.

Appellant's motion to require the Caddo River Lumber Company and the Bank of Amity to be made parties was correctly overruled. His motion as to the Caddo River Company states no reason why the Caddo Lumber Company should be made a party. Without stating any facts at all, he simply asks that the Caddo River Lumber Company be made a party. In his motion to require the Bank of Amity to be made a party, he states that the legal

title to the land from which the timber was cut is in the Bank of Amity. He does not state any facts, and some one other than the plaintiff might have the legal title to the land, and still the plaintiff have the right to sue for timber converted.

All of these questions, however, are now immaterial, even if the appellant had stated facts, instead of mere conclusions of law, in his motion and answer.

The appellant, however, contends that the suit was for a trespass on land in Montgomery County, and that the suit could only be maintained in the county where the land was situated, and relies on § 1164, C. & M. Digest. The fourth subdivision, the one relied on, reads as follows: "Actions for the following causes must be brought in the county in which the subject of the action or some part thereof is situated. * * * For an injury to real property." And it is argued that this is an action: * * * Fourth. For injury to real property. This is not an action for trespass or injury to real property, it is a suit for the recovery of the value of certain logs alleged to have been converted by appellant to his use.

The case of *Jacks* v. *Moore*, 33 Ark. 31, was a case where the plaintiff alleged that the defendant entered on the land and cut timber growing thereon and otherwise injured the same, that is, injured the land. It was a suit for injury to the land.

In a later case the court, in discussing the case of *Jacks* v. *Moore*, said: "That case fell directly and palpably within the very terms of the statute, and no question is made but that it was correctly decided." *Jones, McDowell & Co.* v. *Fletcher*, 42 Ark. 422. The court also said in the last case mentioned: "The chief question is, and must be, in its ultimate form and effect: Does the decree appealed from operate directly and primarily upon the estate or title, or does it operate alone upon the persons of the appellants, and only indirectly and incidentally upon the estate or title?" In the instant case there can be no room for disagreement as to this question.

The judgment does not and could not operate upon the estate or title, and nothing is sought except a personal judgment against the appellant.

This court has said: "It is contended that the demurrer to the interplea is good because the interplea raised an issue as to the title to land, which the justice of the peace had no jurisdiction to try. This is incorrect. The interplea raised the question whether Whitecotton, Wise and Cravens were tenants of Strayhorn, and whether they had contracted to pay or were obliged to him for rent, to recover which he was suing. Their contention was that they did not hold under him as tenants; that he was not their landlord. An answer of this kind to an action in a justice's court, setting up a want of title to the land, is not, of itself, sufficient to oust the jurisdiction of the court, without evidence on the trial tending to bring the title into question." *Jansen* v. *Strayhorn*, 59 Ark. 330, 27 S. W. 230.

The court again discussing the case of *Jacks* v. *Moore, supra,* said: "In *Jacks* v. *Moore, supra,* the complaint alleged that the defendant entered upon the following land (describing it) and cut the timber growing thereon, and otherwise injuring the same to the damage of the plaintiff $200. That was a suit for trespass upon the land and injury to it. But such is not the nature of this suit. It is simply a suit for the value of timber, which appellee alleged belonged to him, and which his agent, appellant, had converted to his own use. There is no allegation that the land itself was injured or damaged, or that appellant had trespassed thereon in order to convert the timber. The Columbia Circuit Court had jurisdiction, under the allegations of this complaint, to render judgment for the value of timber, if any, that was converted by appellant from the land in Nevada County." *Emerson* v. *Turner,* 95 Ark. 597, 130 S. W. 538.

Like the suit in the last case cited, this is a suit for value of timber. There is no allegation that the land was damaged or injured, but a personal judgment against

appellant for the value of the timber is sought, and the judgment in no way operates on or affects the title to real estate. The action therefor might be brought wherever service could be had.

It is argued by appellant that the case of *Emerson v. Turner, supra*, is in conflict with the case of *Jacks* v. *Moore*. There is no conflict. The case of *Jacks* v. *Moore* was a suit for damages to land, and under the statute that sort of a suit must be brought in the county where the land is situated. The case of *Emerson* v. *Turner* was a suit for the value of timber, just as the suit at bar is, and was not in any sense a suit for damages to land. Therefore the court in Montgomery County had jurisdiction.

It is contended, however, that the justice court had no jurisdiction because title to land was involved. The statute reads as follows: "A justice of the peace shall not have jurisdiction where a lien on land or title or possession thereto is involved." And, of course, if the justice of the peace had no jurisdiction, the circuit court would not acquire jurisdiction when the case was appealed, but in this case there was no question about a lien on land and neither the title nor possession was involved.

This was simply a suit to recover $30 alleged to be the value of timber belonging to the appellee converted by the appellant to his own use. It would make no difference where or how the appellee acquired the timber if it was his, but a bond for title was introduced showing that appellee purchased the land on the 7th day of October, 1919. Fifty dollars was paid cash, and the balance was to be paid in installments.

The evidence also shows that the appellee had been in possession and paying taxes since 1919, and no one else claims title or any interest in the land. Appellant offered no evidence tending to show that the land and the timber belonged to any one other than the appellee. The title to the land was therefore not involved, nor was

the possession of the land involved. The appellee had been in possession of the land and paying taxes for more than ten years, this suit having been brought on the 20th of August, 1930.

"There was no controversy concerning the title to land. The plaintiff was not bound to prove or disprove her title to the land in order to establish her right to recover in the action. The undisputed evidence shows that she was to take possession of the land for the year 1910, and to receive the rent for the same. Her tenant left her share of the crop in the field, and she had a right to recover it from the defendant who had unlawfully taken possession of it. The lease contract was not an issue in the case, and the title to the land was not involved." *Cline* v. *Cline,* 101 Ark. 250, 142 S. W. 167; *Mathews* v. *Morris,* 31 Ark. 222; *Nolen* v. *Royston,* 36 Ark. 561; *Bramble* v. *Beidler,* 38 Ark. 200; *Jordan* v. *Henderson,* 37 Ark. 120; *Jansen* v. *Strayhorn,* 59 Ark. 330, 27 S. W. 230.

The defendant in a suit cannot defeat the jurisdiction of the justice court merely by alleging that the plaintiff has no title. The evidence in this case clearly shows that the appellee had purchased the land in 1919, was in possession of it, and had paid taxes on it for more than ten years. No one else was claiming the title. The title to the land was not involved.

This was a suit for $30, the alleged value of timber, and the justice court had jurisdiction. The fact is that the appellant alleged that the timber had been paid for by the Caddo River Lumber Company, but that question was submitted to and determined by the jury, and we find no error, and the judgment of the circuit court is therefore affirmed.

SMITH, J., (dissenting). Jurisdiction is determined by the allegations of the pleadings, and the majority opinion recites that the complaint filed in the justice court alleged that "The defendant cut and converted to his own use 3,234 feet of pine logs from the lands of the

plaintiff." It would be difficult, if not impossible, to cut that amount of timber without entering upon the lands upon which it stood, so that the complaint alleges a trespass upon land, and the character of the suit is not affected by the allegation that the defendant converted the timber after cutting it down.

The instant case is identical with that of *School District* v. *Williams,* 38 Ark. 454, in which it is recited that "School District No. 11, of Faulkner County, sued Williams in trespass before a justice of the peace for cutting and removing timber from a sixteenth section, and laid the damage at $100." Reversing the judgment for $72.50 in the circuit court upon the appeal from the justice court, Chief Justice ENGLISH said: "The Constitution does not invest justices of the peace with jurisdiction of trespass upon real estate. Section 40, art. 7. The justice of the peace had no jurisdiction of the subject-matter of the action in this case, and all of the proceedings before him were *coram non judice* and void." The cases of *Cockrum* v. *Williamson,* 53 Ark. 131, 13 S. W. 592, and *Halpern* v. *Burgess,* 13 S. W. 763, are to the same effect.

The majority cite *Jansen* v. *Strayhorn,* 59 Ark. 330, 27 S. W. 230, and similar cases to the effect that "an answer of this kind to an action in a justice's court, setting up a want of title to the land, is not, of itself, sufficient to oust the jurisdiction of the court, without evidence on the trial tending to bring the title into question." These are cases in which the relation of landlord and tenant was alleged to exist, and the holding of the court was that, if that relationship existed, the plaintiff's title was immaterial, as the tenant could not question it.

The case of *Bramble* v. *Beidler,* 38 Ark. 200, cited by the majority, was one in which a grantor sued his grantee in the justice court for a balance of $92.75 due upon the sale of a small tract of land. It was held that the jurisdiction of the court was not affected by the denial of the plaintiff's title to the land sold, the principle applied

being that a purchaser, who had received a deed with covenants of warranty, under which he had entered into possession, could not, so long as he retained possession, deny his vendor's title or refuse to pay the purchase money.

Here no relation is alleged to exist which precluded the defendant from questioning plaintiff's title. On the contrary, it appears from the majority opinion that the defendant not only denies plaintiff's title, but alleges it to be in the Bank of Amity, and that the plaintiff, so far from having a title, has only a bond for title. We have repeatedly held that a bond for title not only does not convey the title, but is not even color of title. It is a mere contract to make a title upon the performance of the named conditions. *White* v. *Stokes*, 67 Ark. 184, 53 S. W. 1060; *Beasley* v. *Equitable Securities Co.*, 72 Ark. 600, 84 S. W. 224; *Willm* v. *Dedman*, 172 Ark. 783, 290 S. W. 361; *Butler* v. *Johnson*, 180 Ark. 156, 20 S. W. (2d) 639. Here defendant attempted to show that the title was in the Bank of Amity, and that plaintiff had only a bond for title, and the court refused even to make the Bank of Amity a party. If this bond for title should be canceled, there are possibilities of a suit for this same trespass on the part of the bank, the owner of the land, which is not concluded by the judgment here appealed from, as the bank was not a party to that suit. But, by whomsoever brought, the suit should have been commenced in the circuit court. Title to the land is essential to maintain a suit of this character, and, as was said by Judge ENGLISH in the school district case, *supra,* the justice of the peace had no jurisdiction and all the proceedings before him were *coram non judice* and void, and the circuit court, of course, acquired no jurisdiction on the appeal.

I am authorized to say that Mr. Justice HUMPHREYS concurs in the views here expressed.