CODDINGTON *v.* SAFEGUARD INS. CO.

5-3157                                    373 S. W. 2d 413

Opinion delivered December 23, 1963.

*Peter G. Estes,* for appellant.

*Greenhaw & Greenhaw, Fulk, Lofton, Wood, Lovett & Parham,* for appellee.

JIM JOHNSON, Associate Justice. This is an appeal from an order sustaining demurrers filed by appellees Safeguard Insurance Co. of New York and McCartney-Lewis-Faucette, Inc., resulting in the dismissal of ap-

pellant Juanita Coddington's complaint. The original complaint was filed in Washington Circuit Court on March 22, 1962, by Juanita Coddington and her late husband, M. A. Coddington. For simplicity we shall refer to them as appellants. The complaint alleged substantially as follows:

That appellants were husband and wife and citizens of Washington County and were owners of a certain dwelling house located in the City of Fayetteville.

That appellee Safeguard Insurance Co. of New York is a capital stock company operating in the State of Arkansas as an insurer of buildings and that appellee McCartney-Lewis-Faucette, Inc., is a corporation authorized to do business in the State of Arkansas and is engaged in the sale of fire and casualty insurance with its principal place of business in Fayetteville.

That on or about the month of July, 1960, and for many years prior thereto, appellants had owned the dwelling house herein mentioned which was covered and had been covered by a fire insurance policy issued by appellee Safeguard Insurance Company in the sum of $3,000.00, the same being sold to them by appellee McCartney-Lewis-Faucette, Inc.

That during the month of July, 1960, the dwelling house was completely destroyed by fire while the said insurance policy No. 335712 was in force and effect; that for many years prior thereto and up until a few months prior to the aforesaid fire, appellants had occupied the house as their resident but had moved therefrom and had within one week thereafter notified appellee McCartney-Lewis-Faucette, Inc. of their vacating the property, and that the policy was thereafter renewed by a renewal notice.

That appellants had been assured by appellee McCartney-Lewis-Faucette, Inc., that their property was fully covered in the sum of $3,000.00 and that they had relied upon said representation and paid their premium to appellee therefor, and notwithstanding the Valued Policy Law of the State of Arkansas, the agent, servant

and employee of appellee Safeguard Insurance Company by misrepresentation, fraud and deceit induced appellants to accept the sum of $2,000.00 for their complete loss of their building by fire, instead of paying them the sum of $3,000.00 as required by the terms of their policy;

That if their building was not covered by said policy of insurance as was represented to them by appellee McCartney-Lewis-Faucette, Inc., then said failure to coverage was due to the negligent issuance and handling of their insurance policy through no fault on their part.

Appellants prayed that the release executed by them be cancelled and declared void by the court and that they have judgment against appellees for the sum of $1,000.00, together with the statutory penalty and attorney fees.

An amendment to appellants' complaint was filed on October 18, 1962, which alleged in addition to those things pleaded and prayed for in the original complaint that appellee McCartney-Lewis-Faucette, Inc., was at the time of the issuance of the policy in question and the renewal thereof, a general agent of appellee Safeguard Insurance Company, having power to issue policies of insurance and transact other business of the company; did, in fact, issue the policy of insurance in question and have power to waive any of the terms of said policy allowed to be waived by law;

That within one week after appellants had vacated the premises here in question, they notified appellee McCartney-Lewis-Faucette, Inc., that they had vacated the property and appellee's agents made no objection to the vacancy and in fact while said property was vacant and being so notified of the vacancy renewed said policy of insurance, and that the course of action of appellee Safeguard Insurance Company, by its authorized agent, McCartney-Lewis-Faucette, Inc., led appellants honestly to believe that the occupancy clause in said policy had been waived and by reason thereof appellees were estopped from invoking the provision in the policy involving occupancy;

That appellees had by misrepresentation, fraud, deceit and contrary to the Valued Policy Statutes of the State of Arkansas induced appellants to accept the sum of $2,000.00 for the loss of their building by fire and induced them to sign releases and other documents, without knowing the contents thereof, and by reason thereof releases and other documents having to do with the settlement should be cancelled and further prayed that appellees be held to have waived the clause in the policy pertaining to occupancy; be estopped from enforcing the clause in the insurance contract; and that the attempted settlement be cancelled and declared void.

Appellees had filed their separate demurrers to appellants' complaint in April, 1962.

On June 13, 1963, the trial court concluded as follows:

"[T]hat the demurrers should be sustained for the reason that the complaint of the plaintiff alleges fraud but it does not allege facts sufficient to constitute fraud to bring the case under an exception to the general rule which requires that any payment made in accord and satisfaction be returned prior to the institution of suit. The general pleading of fraud is not enough but the facts must be plead to support the fraudulent acts alleged which are an exception to the general rule. Some of the exceptions to the general rule are set out in 178 Ark. 1110, *Texas Co.* v. *Williams,* and 114 Ark. 559, *Pekin Cooperage Co.* v. *Gibbs,* and consist of the following specific acts:

"1. Mental incapacity to execute release.

"2. Fraudulent representation as to the contents of written instrument.

"3. Trick or subterfuge where papers were substituted at time of signing.

"4. Illiteracy or infirmity.

"5. **Minority.**

"The only allegation of fact in the complaint sets out that the plaintiff signed the release and proof of loss without reading it and that the release was contrary to the stated value of policy requirement (66-3901)."

Following this order sustaining the demurrer, appellants declined to plead further, and on July 17, 1963, their complaint was dismissed with prejudice. From that order comes this appeal.

For reversal appellants contend that a compromise settlement made contrary to the Valued Policy Statute is not an accord and satisfaction, is contrary to law, against public policy and void from its inception as distinguished from voidable and is an exception to the general rule which requires that payments made in accord and satisfaction be returned prior to the institution of suit.

As stated by Mr. Justice Hart speaking for this court in *Sharp* v. *Drainage District No. 7*, 164 Ark. 306, 261 S. W. 923, "The allegations of the bill, which are confessed by the demurrer, control in this case. Contrary to the common-law rule, under our Code every reasonable intendment and presumption is to be made in favor of a pleading, and a complaint will not be set aside on demurrer unless it is so fatally defective that, taking all the facts to be admitted, the court can say they furnish no cause of action whatever. *Ferrell* v. *Elkins,* 159 Ark. 31, 251 S. W. 380."

Applying the above stated rule to the complaint here in question it appears that appellees have admitted the existence of the fire insurance contract between appellants and Safeguard Insurance Company in the amount of $3,000.00; that appellee McCartney-Lewis-Faucette, Inc. was the general agent of appellee Safeguard Insurance Company; that the dwelling covered by the policy in question was completely destroyed by fire; that appellants were induced to accept the sum of $2,000.00 for their loss instead of the face value of the policy; that appellees made no objections to the vacancy of the property and in fact, after being so notified of

the vacancy, renewed the policy of insurance in question, which action on the part of appellees led appellants honestly to believe that the occupancy clause had been waived, and admit all other proper allegations contained in the complaint and amendment to complaint.

On appeal appellants, with commendable candor, concede that they failed to make sufficient allegations of fraud in their complaint to withstand a demurrer on that point. However, they insist that the trial court in sustaining the demurrers failed to consider that the alleged compromise settlement and release were contrary to the Valued Policy Statute of Arkansas.

With the admissions by demurrer and the concession by appellants, we are squarely confronted with the question of whether, in the light of our Valued Policy Law, the trial court erred in sustaining appellees' demurrers. Section 66-515 of Arkansas Statutes, entitled "Total Loss by Fire.—Recovery of Full Amount" is the original Valued Policy Statute passed in 1889. This act was amended by Ark. Stat. Ann. § 66-3901 (Supp. 1961), passed by the 1959 Legislature, which is as follows:

"Valued Policy Law.—A fire insurance policy, in case of a total loss by fire of the property insured, shall be held and considered to be a liquidated demand and against the company taking such risk, for the full amount stated in such policy, or the full amount upon which the company charges, collects or receives a premium; provided, the provisions of this section shall not apply to personal property."

Our research reveals that this court has never had occasion to pass directly on the validity of a settlement between insurer and insured contrary to the Valued Policy Statute. We have, however, in at least two cases held that a provision in a fire insurance policy in conflict with the valued policy statute was void. See *London and Globe Ins. Co. v. Payton*, 128 Ark. 528, 194 S. W. 503; *Tedford v. Security State Fire Ins. Co.*, 224 Ark. 1047, 278 S. W. 2d 89.

Both appellants and appellees direct our attention to an excellent discussion on problems arising under valued policy statutes in 12 Arkansas Law Review 184. On page 193 of this article there is cited a Washington case which seems to be on all fours with the case at bar. The case is *Grandview Inland Fruit Company* v. *Hartford Fire Insurance Company,* 189 Wash. 590, 66 P. 2d 827. There is also a comprehensive annotation of this case in 109 A.L.R. 1477. In the Washington case as here the insured agreed and did accept in full compromise settlement of his claim under a fire policy one thousand dollars less than the face amount of the policy. There was, as here, a total loss of the building and, as in Arkansas, the State of Washington has a Valued Policy Statute.

The trial court in Washington held that the insured was entitled to recover despite the compromise for less than the face amount of the policy, and in affirming that judgment, the Supreme Court of that state used the following language with which we agree and adopt as our own. "Under the valued policy statute . . . whenever an insured building is totally destroyed, the amount of insurance written in the policy shall be taken conclusively to be the amount of the loss. This statute is a part of the public policy of this state, which was not waived by the appellant in its agreement with the respondent to accept less than the face of the policy." . . .

"The purpose of statutes of the character of the valued policy statute would be defeated if their effect could be avoided by contract. While generally, parties may waive their contractual or statutory rights by agreement to waive, yet an agreement to waive rights involving a question of public policy would be void. It would be contrary to the public policy of this state declared by the valued policy statute, to enforce the compromise in the case at bar. There was not a valid accord and satisfaction. To deny a recovery to the appellant would, in effect, be a holding that one could bind himself by contract not to avail himself of a right which the law has allowed to him on the grounds of public policy.

While one may decline to take advantage of a privilege given to him by such a statute, he may not bind himself by or be held to a contract which denies to him a right which the law has allowed to him on grounds of public policy.''

Having thus determined that the compromise settlement in the case at bar was contrary to public policy and therefore void *ab initio,* we reach the sole remaining question of whether the trial court erred in sustaining the demurrers in the absence of a return or tender by appellants of the amount paid them in connection with their execution of the settlement or release.

Mr. Justice Frank Smith speaking for this court in *Pekin Cooperage Co.* v. *Gibbs,* 114 Ark. 559, 170 S. W. 574, answered that question for us when he cited with approval 1 Cyc., page 339, as follows:

''As a general rule one who seeks to avoid the effect of accord and satisfaction on the ground of fraud, mistake, or for any other reason (it is apprehended) must restore or offer to restore whatever he has received by virtue of the transaction. The rule, however, is subject to some limitations and exceptions. It does not apply where the agreement is absolutely void, . . .''

It follows, from what has been said, that the trial court erred in sustaining the demurrer to the complaint, and for that error the judgment must be reversed, and the case will be remanded for further proceedings according to law.